87 So.2d 425

**Rose GARNETT**

v.

**Lucille TAUNTON.**

**3 Div. 748.**

Supreme Court of Alabama.

May 10, 1956.

---

Henry Heller, Montgomery, for appellant.

Knabe & Nachman, Montgomery, for appellee.

87 So.2d 539

**MADISON LIMESTONE COMPANY, Inc., et al.**

v.

**W. E. McDONALD et al.**

8 Div. 831.

Supreme Court of Alabama.

May 10, 1956.

SIMPSON, Justice.

This appeal is from an interlocutory decree overruling the demurrer to a bill in equity.

Appellant through her demurrer to the bill as a whole contends that there is no equity in the bill and that the trial court erred in overruling her demurrer.

■ In our view, the allegations of the bill are sufficient to invoke the jurisdiction of a court of equity for the cancellation of a deed on the ground of mutual mistake. Glenn v. City of Birmingham, 223 Ala. 501, 137 So. 292.

■ It results, therefore, that the demurrer was due to be overruled. Courington v. Kilgore, Ala., 84 So.2d 646 [1]; Stone Container Corp. v. Stapler, 263 Ala. 524, 83 So. 2d 283; Wells v. Wells, 249 Ala. 649, 32 So.2d 697.

■ Appellant, present title holder of the land in the deed sought to be cancelled, and her predecessor grantor Ocie Taunton, were made parties defendant to the bill, but seemingly no relief was asked against appellant. Just why is not clear since she was properly made a party to the suit, the bill affirmatively showing that she is the present repository of the legal title to the real property. Hamm v. Bibb, 234 Ala. 192, 174 So. 634; Amann v. Burke, 237 Ala. 380, 186 So. 769; Silverstein v. First National Bank of Birmingham, 231 Ala. 565, 165 So. 827. However no ground made a proper challenge that no relief was asked against appellant and the bill is free of the challenge of want of equity since, as stated, appellant is a proper party.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.