317 So.2d 485

**Suzanne D. INGRAM and Kay D. Foster, as Administrators, etc., et al.**

**v.**

**Annie Lou Dailey Hicks HORN.**

**SC 1163.**

Supreme Court of Alabama.

July 31, 1975.

Rehearing Denied Aug. 21, 1975.

J. Garrison Thompson, Selma, for appellants.

James M. White, Centreville, for appellee.

BLOODWORTH, Justice.

Appellee brought suit against Suzanne D. Ingram and Kay D. Foster, individually, and in their administrative capacity, seeking to have a deed declared null and void. The Circuit Court of Bibb County, sitting without a jury, rendered a final judgment which set aside the deed in question and vested title in appellee. Appeal was then perfected to this Court by the administratrix and heirs of the deceased grantee.

On October 21, 1971, appellee executed a deed conveying to her brother, Harold Dailey, the fee simple title in and to a 260-acre tract of land, reserving in herself a life estate.

In her complaint appellee avers that she signed the deed under the mistaken belief that it conveyed title to a city lot in Centreville, Alabama. This belief, she avers, arose out of her reliance on the fraud and misrepresentations of her brother, Harold Dailey, the grantee and Sheriff of Bibb County, who, she avers, brought the deed to her home, informed her that it conveyed title to her lot in Centreville, and assured her that she need not read the deed since she already knew its contents. In reliance on her brother's alleged misrepresentations, appellee avers that she signed the deed without reading it, without knowledge of its actual contents, and without the intention of conveying title to the 260-acre tract. It is alleged that appellee did not learn of the actual contents of this deed until after the death of her brother. Shortly thereafter, on May 30, 1974, appellee brought suit against his administratrix, who also are his heirs, praying for a cancellation of the deed.

At trial, three theories were advanced upon which appellee asserted her right to the requested relief: (1) that there was a total failure of consideration for the execution of the deed; (2) that she signed the deed without knowledge of its contents and without the intention of conveying the land described therein; and (3) that the execution of the deed was procured through the fraud and misrepresentations of Harold Dailey.

The trial judge rendered judgment for appellee. He found, inter alia, that a deed is invalid without a "meeting of the minds," that the deed was not read by, or to, appellee, that she did not know she was conveying the land, and that she did not intend to convey the property described therein. On this appeal, appellants challenge not only the court's conclusions of law but also the sufficiency of the evidence to support the decree.

As to the first of appellee's theories, we agree with appellants that a deed may represent a gratuitous conveyance of realty, and that even a "total failure of consideration" such as that alleged by appellee is insufficient grounds for the cancellation of an otherwise valid deed. As this Court has pointed out, "A deed is valid and operative as between the parties and their privies, whether founded on a consideration or not." *Porter v. Roberson,* 263 Ala. 294, 296, 82 So.2d 244, 245 (1955).

As the second of the theories upon which appellee sought the cancellation of the deed, it is alleged that appellee executed the instrument without knowledge of its contents and without the intention to convey.

When a grantor fails to read a deed (having the ability to read and understand it) and this results in his execution of an instrument which conveys realty, although he subsequently avers he did not intend to convey, the grantor's mistake will be attributed to his own negligence and the deed will be upheld so long as his signature was not induced by fraud or misrepresentation. *Colburn v. Mid-State Homes, Inc.,* 289 Ala. 255, 266 So.2d 865 (1972).

Accordingly, if the deed in this case is to be set aside because of appellee's lack of intention to convey the property described therein, appellee must prove that she acted under the influence of fraud or misrepre-

sentation. This Court has held that "The degree of proof required to rescind or cancel a conveyance because of fraudulent misrepresentation is more than a mere probability of the truth of the charge of fraud." *Hodges v. Beardsley,* 269 Ala. 280, 282, 112 So.2d 482, 483–84 (1959).

In cases where the grantor seeks to set aside a deed on the ground that a fraudulent misrepresentation induced him to sign the deed without knowledge of its contents, this Court has required that the fraud must be clearly and satisfactorily proven. *Cross v. Maxwell,* 263 Ala. 509, 83 So.2d 211 (1955); *Hodges v. Beardsley,* supra.

"If the proof is uncertain in any material respect, it will be held insufficient, though the court may feel that a great wrong has been done; the court cannot grant the relief by reason of uncertainty." *Wooddy v. Matthews,* 194 Ala. 390, 69 So. 607 (1915).

■ After carefully reviewing the record below, we find that the appellee has not met this burden of proof on the issue of fraud. Appellee was the sole witness to the alleged misrepresentations made by the deceased grantee. Whether testimony regarding alleged fraudulent statements made by the deceased grantee may be rendered incompetent by operation of the Dead Man's Statute (Title 7, section 433, Alabama Code (Recomp. 1958), we need not decide because no evidence was offered to substantiate the charges of alleged fraud and misrepresentations. Thus, appellee's alleged lack of intent to convey is an insufficient basis for the cancellation of the deed.

■■ The third theory advanced by appellee upon which the cancellation of the deed is sought is that the execution of the deed was procured through the fraud and misrepresentations of the deceased grantee. Here again, we reiterate that appellee's right to relief is contingent upon clear and convincing proof of the alleged fraud and misrepresentation, authorities supra. Moreover, this Court is committed to the proposition that an acknowledgment to a deed is entitled to great weight and can be impeached only when the evidence is clear and convincing. *Porter v. Roberson,* supra. The record of trial in the instant case does not contain any evidence of such fraud or misrepresentation, nor did the trial court make any finding of fact with respect thereto.

The undisputed evidence is that Sheriff Dailey came to appellee's home with his secretary, a notary public, who took appellees' acknowledgment to the deed. The instrument was not read to appellee. The secretary testified she did not read the deed nor was she told what it was until they were returning to the office when Sheriff Dailey told her it was a deed to appellee's place. Over appellant's objection, appellee was allowed to testify that she did not know what the deed was when she signed it and that she did not intend to convey the 260-acre tract to the deceased. There was no evidence that any false representation was made by Sheriff Dailey at the time of the deed's execution.

In the absence of proof entitling appellee to the relief sought, we must reverse and remand the judgment of the circuit court.

Reversed and remanded.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.