FAULKNER, Justice.
This is the second time we have reviewed this ease. On the first appeal, we reversed and remanded the trial court’s setting aside of the deed in question since the appellee in that case failed to meet the burden of proving fraud. Ingram v. Horn, 294 Ala. 353, 317 So.2d 485 (1975). On February 20,1975, pending the first appeal, Mrs. Horn executed two deeds to her brother Roscoe W. Dailey, purporting to convey 80 acres and 20 acres of the disputed land. On February 21, Roscoe Dailey and his wife mortgaged the 100 acres to The Peoples Bank of Cen-treville.
After reversal of the first decree, the plaintiff amended her complaint, alleging in substance that the deed executed by her to her deceased brother, Harold Dailey, was executed as a result of the undue influence of Harold Dailey while the two parties were in a confidential relationship. The Bank was allowed to intervene in the second trial of this action.
In 1971 Mrs. Horn executed the deed in question to her brother, Harold Dailey, conveying the fee simple title to 260 acres, reserving a life estate in herself. Mrs. Horn testified that she did not read the instrument nor did anyone read it to her. In fact, she stated that she first became aware that the instrument was a deed to 260 acres after her brother’s death. There, was evidence that Harold Dailey had visited in her home frequently. She and her brother were close, and she relied upon him for advice.
After a hearing ore tenus, the trial court refused to set aside the 1971 deed and held that the 1975 deeds and the 1975 mortgage *1000 conveyed only the grantor’s life estate in the property. The court set aside the 1975 deeds and mortgage with respect to the remainder interest in the property. Appellant’s motion for new trial was denied. We affirm.
The two issues presented for review are (1) whether the 1971 deed should have been set aside for undue influence, fraud, deceit, or misrepresentation, and (2) whether it was reversible error for the trial court to refuse to let Mrs. Horn testify as to her intention at the time of signing the 1971 deed. There seems to be no question that if the 1971 deed is allowed to stand, the 1975 deeds and mortgage convey only the life estate of the grantor.
The trial court specifically held:
“1. That the deed executed on October 21, 1971, by the plaintiff Annie Lou Dailey Hicks Horn to her deceased brother, Harold Dailey, was not procured by the fraud or misrepresentations of said brother. Horn v. Ingram and Foster, et al, supra.
“2. That although there is credible testimony that the plaintiff Horn and her deceased brother were close in his lifetime, and that the sister usually relied upon her brother for advice, there is not sufficient evidence to find that the deceased brother unduly influenced the plaintiff Horn in the execution of the deed on October 21, 1971.”
Where the trial court makes a decree after hearing witnesses ore tenus, every presumption will be indulged in favor of the trial court and its findings will not be disturbed unless palpably wrong. Shivers v. Shivers, 277 Ala. 400, 171 So.2d 109 (1965). The presumption as to correctness is strengthened when the trial judge refuses to grant a motion for new trial. Merchants Bank v. Cotton, 289 Ala. 606, 269 So.2d 875 (1972). The trial court’s findings are fully supported by the evidence.
“When a grantor fails to read a deed (having the ability to read and understand it) and this results in his execution of an instrument which conveys realty, although he subsequently avers he did not intend to convey, the grantor’s mistake will be attributed to his own negligence and the deed will be upheld so long as his signature was not induced by fraud or misrepresentation. Colburn v. Mid-State Homes, Inc., 289 Ala. 255, 266 So.2d 865 (1972).” 294 Ala. at 355, 317 So.2d at 486. (Emphasis added.)
“The mere relationship of brother and sister does not in itself create a confidential relationship.” Hinson v. Byrd, 259 Ala. 459, 462, 66 So.2d 736, 738 (1953); Hardee v. Hardee, 265 Ala. 669, 93 So.2d 127 (1956). While the trial court found that a confidential relationship existed between the brother and sister, he stated that there was insufficient proof of undue influence.
Appellants argue that their proof of the confidential relationship created a presumption of undue influence, casting the burden upon the appellee to rebut the presumption.
“The law presumes the exercise of undue influence in transactions inter vivos where confidential relations exist between the parties, and puts upon the do-nee or grantee, when shown to be the dominant party in the relationship, the burden of repelling the presumption by competent and satisfactory evidence. Webb v. Webb, 250 Ala. 194, 33 So.2d 909. But it is not always necessary to show independent advice when confidential relations exist and the grantee or donee is the dominant spirit, though the burden is on the grantee or donee to do so or to show by other evidence which satisfies the judicial conscience that the matter was the voluntary and well-understood act of the grantor’s mind, and was fair and just.” Hinson.
Wolfe v. Thompson, 285 Ala. 745, 235 So.2d 878 (1970). However, we cannot agree that appellees failed to rebut the presumption simply because they failed to present any independent evidence. As stated in Har-dee, supra:
“The execution of the deed was the natural thing to do, for it had been appel-lee and his children who had for many *1001 years lived in the home of Isabella, caring for her and looking after her interests, although the evidence shows that appel-lee paid rent for the use of the land. The other members of Isabella’s family saw her infrequently and did not maintain the close relationship which apparently existed between her and the J. W. Hardee family.” 265 Ala. at 678, 93 So.2d at 135.
Accord, Hinson, supra. The trial court’s finding that Mrs. Horn’s signing was not induced by the brother’s fraud or misrepresentation must stand on appeal.
The trial court refused to allow Mrs. Horn to testify to her intention at the time of signing the deed. As stated in Starr v. Starr, 293 Ala. 204, 301 So.2d 78 (1974), “. . . [A] witness, on direct examination, may testify as to his intention, motive or other physically unexpressed mental state, provided that the testimony is material to the issues in the case.” 293 Ala. at 210, 301 So.2d at 83 (Original emphasis). Mrs. Horn’s testimony firmly established that she did not become aware that the instrument she had signed was a deed until after her brother’s death. However, there was not sufficient evidence presented to show that the deceased brother induced Mrs. Horn to sign the deed by fraud or misrepresentation. Her intention at the time of signing is relevant only to whether her signing was induced by the brother’s fraud or misrepresentation.
“This is another area where the sound discretion of the trial judge will come into play. Thus we will not review the court’s ruling in either admitting or excluding such evidence in the absence of abuse.” 293 Ala. 210, 301 So.2d at 83.
We find no such abuse of discretion.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.