Appellants, Newman O. Taylor and his wife, Lucy C. Taylor, appeal from a judgment setting aside a deed made to them by Ellafair Hamby, Mrs. Taylor's sister. We reverse and remand.
On August 1, 1972, Ellafair Hamby executed a warranty deed to appellants conveying a 55-acre home place. On that same date, she executed a will devising an 80-acre tract of land to Mrs. Trannie Donaldson, a sister to Mrs. Taylor and Mrs. Hamby. (There is testimony to the effect that Mrs. Hamby wished to thus divide her lands between her only two sisters.) The two instruments were executed and acknowledged in the office of Mrs. Hamby's attorney. On September 16, 1972, a corrective deed was executed to change the middle initial of Mrs. Taylor from "E" to "C." Once again, the deed was acknowledged. There was testimony to the effect that it *Page 980 
was Mrs. Hamby herself who noticed the error. On September 10, 1973, the deed was again corrected and acknowledged to add some property acquired by adverse possession.
Two years later, on September 15, 1975, Ellafair Hamby brought suit against appellants, seeking to have the deeds set aside. The case was heard ore tenus on July 22, 1976, and taken under advisement. While the case was under consideration, Mrs. Hamby died, and Leonard J. Godsey and Sidney J. Donaldson, co-executors of her estate, were substituted as parties plaintiff. Subsequently, on May 16, 1977, the trial court entered its order, cancelling the three deeds without making any express findings. After motion for new trial was overruled, this appeal ensued.
At trial Mrs. Hamby advanced three theories to support cancellation: (1) lack of consideration; (2) undue influence; and (3) fraud. We shall treat these theories seriatim.
As to Mrs. Hamby's initial theory, lack of consideration for the deeds, it is well settled that a deed is valid and operative between the parties and their privies, whether it is founded upon a consideration or not. Ingram v. Horn, 294 Ala. 353, 317 So.2d 485 (1975). Thus, that theory is without merit.
As to the second theory advanced at trial, undue influence, it is unsupported by the evidence.
 "It is well established that what constitutes undue influence to procure a deed depends on the facts and circumstances of each case. Orton v. Gay, 285 Ala. 270, 231 So.2d 305 (1970). However, undue influence can generally be defined as influence which dominates the grantor's will and coerces it to serve the will of another. Wyatt v. Riley, 292 Ala. 277, 293 So.2d 288 (1974).
 "When the parties stand in a confidential relationship and the evidence tends to show that the beneficiary is the dominant party, the law raises a presumption of undue influence and places on the beneficiary the burden to repel the presumption when the transaction is assailed. Wolfe v. Thompson, 285 Ala. 745, 235 So.2d 878 (1970) . . .
 "When no presumption is raised, the burden to prove undue influence is on the one seeking to set aside the deed. Wyatt."
Terry v. Terry, 336 So.2d 159 (Ala. 1976).
The fact of the mere relationship alone existing between sisters does not of itself create a confidential relationship.Cf. Abrams v. Abrams, 225 Ala. 622, 144 So. 828 (1932). Thus, the burden of proof was upon the grantor, Mrs. Hamby, to prove undue influence.
The evidence adduced at trial simply fails to meet that burden. We have carefully read all the pertinent testimony on the issue. The testimony by Mrs. Hamby is to the effect that neither Mr. nor Mrs. Taylor ever asked her for the property. While it was shown that Mrs. Hamby was taking a number of medicines for various maladies at the time the deeds were made, testimony by her attorney makes it clear that she seemed alert and healthy at the time the deeds were signed. In fact, Mrs. Hamby was sufficiently alert to suggest on two separate occasions that the deeds needed corrections made. Moreover, Mrs. Hamby herself testified that her relationship with the Taylors was somewhat strained, thereby tending to negate the notion that she could be influenced by them. Thus, we think it clear that the evidence simply fails to support the trial judge on this issue.
Mrs. Hamby lastly contended that appellants perpetrated a fraud upon her by making her think she was signing a will instead of a deed to the property. Again, we are constrained to disagree.
The general rule is that fraud, when alleged, must be clearly and satisfactorily proven. Ingram v. Horn, supra.
 "`If the proof is uncertain in any material respect, it will be held insufficient, though the court may feel that a great wrong has been done; the court cannot grant the relief by reason of uncertainty.' *Page 981 Wooddy v. Matthews, 194 Ala. 390, 69 So. 607 (1915)."
Id.
In this case, the proof is too uncertain to sustain the trial court. The evidence shows that these deeds were signed and acknowledged on three separate occasions by a woman who had signed similar instruments in the past.
This court is committed to the proposition that an acknowledgment is entitled to great weight and can be impeached only by evidence that is clear and convincing. Ingram v. Horn, supra.
Each deed bore the inscription, "Warranty Deed," on its face. Testimony by her attorney is to the effect that he had probably explained the significance of the transaction to her. Although Mrs. Hamby may not have read the instrument in its entirety, the law is clear in this State that when a grantor fails to read a deed (having the ability to read and understand it) and this results in the grantor's execution of an instrument which conveys realty, which it is subsequently averred the grantor did not intend to convey, the grantor's mistake will be attributed to his own negligence and the deed will be upheld so long as his signature was not induced, inter alia, by fraud or misrepresentation. Ingram v. Horn, supra.
Furthermore, there is no explanation in the record nor has any been advanced on appeal as to why Mrs. Hamby would execute (as she contends she intended to do) two wills at the sametime, each devising different tracts of land.
It is argued by the appellees, however, that this case is an especially apt one for application of our ore tenus rule. We cannot agree. In the first place, the testimony is almost entirely without conflict in its material aspects. Moreover, the trial judge made no findings of fact. Thus, this Court is not disturbing his findings of fact.
For the foregoing reasons, therefore, this case is due to be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.