Appellant/plaintiff, Jean G. Russell, sought to have a deed transferring a house to the appellee set aside on the ground of fraud and failure of consideration. Appellant and appellee, Billy F. Russell, were married in 1963, and divorced in 1974; custody of their son was awarded to the husband. The subject property had remained in their joint names after the divorce.
In November, 1976, appellant was summoned to the home of her former husband's parents where she signed the instrument she now seeks to set aside.
Appellant contends that appellee's mother had requested that she stop by to sign a will to ensure that the jointly held property would be left, in the event of the divorced parents' death, to the infant son; that she believed she was signing such a will at the time; and that she had no reason to believe otherwise, until she saw a "For Sale" sign in front of the house some time later. She argues that there was a fraud perpetrated against her requiring the cancellation of the deed, and that there was an absolute failure of consideration, because nothing which the law deems good and valuable consideration changed hands in this instance.
The former husband admits that the evidence surrounding the execution of the deed is conflicting, but he contends that there was evidence presented that there *Page 1054 
was no mention of a will, and that the evidence showed that appellant signed the document in the presence of him and his parents after having first read it, and with no threats or duress, but rather of her own free will. In short, he argues that his former wife failed to prove fraud.
As to the issuance of consideration, appellee argues that the purported conveyance was part of the final property settlement of their divorce and that by signing, appellant relieved herself of liability on an outstanding mortgage recorded against the property.
We affirm.
In cases where the grantor seeks to set aside a deed on the ground that a fraudulent misrepresentation induced the signing of the deed, this Court has required that the fraud must be clearly and satisfactorily proven. Ingram v. Horn, 294 Ala. 353, 317 So.2d 485 (1975).
As to Mrs. Russell's theory that there was a lack of consideration, it is well settled that a deed is valid and operative between the parties and their privies, whether it is founded upon a consideration or not. Ingram v. Horn, supra;Taylor v. Godsey (1978), Ala.Sup., 357 So.2d 979.
The cause was heard ore tenus. Where the trial court makes findings after hearing witnesses ore tenus, every presumption will be indulged in favor of the court's findings, and its findings will not be disturbed on appeal unless they are found to be palpably wrong. Casey v. Beck, Ala., 350 So.2d 429
(1977).
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.