This is an appeal from a decree denying reformation of a deed.
On December 21, 1964, Silas Morgan and his wife, Mable, conveyed forty acres of land in Choctaw County to Herbert Roberts and his wife, Alma. Following the description of the land, there are these words, "It is expressly understood that 1/4 oil, gas and other mineral interest is reserved from this conveyance." Fourteen years later, these words became the subject of a lawsuit.
In March, 1978, the Morgans filed suit to reform the deed; they alleged that they had conveyed an undivided 1/2 interest in the minerals in 1944; that they had actual knowledge that the Robertses were claiming an undivided 1/2 interest in the minerals themselves; that it was the intention of all of the parties that the Morgans reserve an undivided 1/4 interest, and if they failed to do so, it was because of a mutual mistake. They asked the Court to reform the deed to express the intention of the parties. After a hearing ore tenus, the Court denied reformation.
At the outset, it may be said that this suit for reformation appears to be unorthodox because the deed had been prepared before the grantors and the grantees ever had any discussion of the interest conveyed. The evidence shows that the Morgans had forty acres of land for sale. They offered it to Ennis Roberts. He was not interested, but his brother, Herbert Roberts, was buying land and he said he would advise Herbert of the land for sale.
The evidence is unclear as to how the Morgans and Robertses negotiated the sale. But, the Morgans and Mr. Roberts met at the Choctaw County Courthouse-the Morgans with the deed, Mr. Roberts with a check signed by his wife. When shown the deed (prepared by the probate judge), Roberts read the language concerning the reserved 1/4 mineral interest, hesitated, questioned whether his wife would accept it, but finally, he took the deed and left.
What transpired between the Morgans, the probate judge, and the judge's secretary when the deed was prepared is the crux of this appeal. The Morgans contend that they should be permitted to show by parol evidence how the deed was prepared, the conversation between them and the probate judge and the scrivener that led to its preparation.
When the Morgans went to see the probate judge, they told him that they had already sold 1/2 the mineral interest, and wanted to reserve an undivided 1/4 interest in the minerals in the deed to the Robertses. What the probate judge said to them about *Page 172 
the fact that it was not necessary to mention the sale of an undivided 1/2 interest in the Roberts deed was excluded. But, evidence of the sale came in later, when the trial judge permitted, over objection, Mrs. Morgan to testify that she told Mr. Roberts that they had sold an undivided interest in the minerals. So, it appears, as far as we can determine from the transcript, that the Court admitted evidence of all of the events leading to the preparation of the deed. But, what the evidence does not show is that there was neither a mutual mistake, nor a mistake of one party which the other party at the time knew or suspected. See § 35-4-153, Code 1975. For an instrument to be reformed, there must have been a meeting of the minds, and a mutual mistake in executing it that does not express the common intent, or a mistake on the part of one, and conduct on the part of the other so that it would be inequitable to deny a mutual mistake. McCoy v. Jenkins,244 Ala. 650, 15 So.2d 409 (1943).
We hold the trial judge was correct by denying reformation of the deed. A review of all the evidence shows that his order of denial is not manifestly unjust.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES, ALMON and EMBRY, JJ., concur.