The plaintiff appeals from denial of her prayer for cancellation of a deed. We affirm.
The plaintiff, Juanita Miller a/k/a Juanita Seltzer, owned a house and lot as tenant in common with her stepsister, Rosa Lee Davis. On October 10, 1972, they conveyed this property to Rosa Bird Davis, who is Rosa Lee's mother and Juanita's stepmother. The following allegations appear in plaintiff's complaint:
 "3. That prior to October 10, 1972, the defendant, who was in exclusive possession of the premises, represented to the plaintiff that the house was in need of repairs, and requested that the plaintiff sign the necessary papers so that the defendant could borrow such sums as were necessary to make such repairs.
 "4. That plaintiff as an accommodation to the defendant and without any consideration executed to the defendant a warranty deed to said property.
 "5. That no sums of money were borrowed by the defendant to make any repairs on the premises. That it was not the intention of the parties that the plaintiff would make a gift of her interest in the property to the defendant.
 "6. That the plaintiff relied upon the representations made by the defendant that the sole purpose for the execution of the deed of October 10, 1972, was to permit the defendant to repair the premises, and the plaintiff relying on such representation executed said deed."
The plaintiff brought the present action in 1981, several months after she discovered that she had signed the deed in question.
The case was tried ore tenus without a court reporter. As reflected in the statement of the evidence filed under Alabama Rules of Appellate Procedure 10 (d), the parties' testimony included the following additional points. The plaintiff testified that the defendant's grandson James spoke to her about signing the papers and accompanied her to the attorney's office. She did not read what she signed because she did not have her glasses. The defendant testified that she never discussed the matter with plaintiff and did not tell James to have the plaintiff sign the papers. She understood from the beginning that the property was being conveyed to her.
In denying relief to the plaintiff, the trial court noted:
 "At the time she executed the Warranty Deed, the Plaintiff could read and was capable of understanding the nature of the instrument she was signing. The Court finds that there was no undue influence or fraud involved in the execution of the Warranty Deed. *Page 1356 
 "In the opinion of the Court, this case is controlled by the principles set out in the cases of Taylor v. Godsey, 357 So.2d 979 (Ala. 1978) and Ingram v. Horn, [294 Ala. 353], 317 So.2d 485 (Ala. 1975). . . ."
The plaintiff then moved for rehearing and filed an amendment to the complaint, consisting of the following addition: "That the deed was executed by the plaintiff by mutual mistake of the parties." The trial court denied rehearing but allowed the amendment to the complaint, stating that the "mistake of the parties was raised and testimony concerning the question was taken at the oral hearing."
The trial court evidently proceeded on the assumption that the plaintiff's primary theory was fraud or undue influence. The cases properly cited by the trial court as controlling were both actions to set aside deeds based upon allegations of fraud. These cases held that:
 "[W]hen a grantor fails to read a deed (having the ability to read and understand it) and this results in the grantor's execution of an instrument which conveys realty, which it is subsequently averred that the grantor did not intend to convey, the grantor's mistake will be attributed to his own negligence and the deed will be upheld so long as his signature was not induced, inter alia, by fraud or misrepresentation. Ingram v. Horn, supra."
Taylor v. Godsey, 357 So.2d at 981.
The plaintiff does not dispute the trial court's specific finding of no undue influence or fraud. Rather, the plaintiff in brief asserts that the relief sought was from the outset based upon mutual mistake of the parties.
The applicable statute is Code of Ala. 1975, § 35-4-153, which provides:
 "When, through fraud, or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a deed, mortgage or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value."
Cancellation as well as revision or reformation of a deed is a permissible remedy for mutual mistake under the statute.Garnett v. Taunton, 264 Ala. 293, 87 So.2d 425 (1956). However, the plaintiff has not established statutory prerequisites for relief.
 "For an instrument to be reformed, there must have been a meeting of the minds and a mutual mistake in executing it that does not express the common intent, or a mistake on the part of one and conduct on the part of the other so that it would be inequitable to deny a mutual mistake. . . ."
Morgan v. Roberts, 387 So.2d 170, 172 (Ala. 1980). The plaintiff carries the burden of proof by clear and convincing evidence. Simpson v. First Alabama Bank of Montgomery,364 So.2d 289 (Ala. 1978).
Other than the plaintiff's assertions, no evidence has been presented that the defendant's intent was contrary to what the deed reflected or that the defendant acted inequitably. The trial court evidently accepted the defendant's testimony that she understood the property was conveyed to her. In view of theore tenus rule and the plaintiff's burden of proof, we are in no position to question the trial court's conclusion.
The plaintiff argues that the trial court's holding that she was negligent under Taylor v. Godsey, supra, makes negligence a defense to a claim for reformation based on mutual mistake. This result, she argues, is contrary to the holding of Clipperv. Gordon, 253 Ala. 428, 432, 44 So.2d 576 (1950), where the court noted that mere negligence "will not defeat reformation . . . because . . . mistake nearly always presupposes some negligence." The plaintiff also cites Lovelace v. McMillan,265 Ala. 290, 90 So.2d 822 (1956), as a case where reformation was granted to the party who had neglected to read the deed. However, in each of these *Page 1357 
cases reformation was allowed upon a showing of the common intent of both parties. Here, the plaintiff was denied "reformation" not because she was negligent but because she failed to show that the defendant shared her misapprehension of the transaction.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
 ON APPLICATION FOR REHEARING