This is an appeal from a final judgment of the Circuit Court of Baldwin County in favor of the defendant, First National Bank of Alabama (First National). The plaintiff, Virginia F. Rankin, sought a judgment declaring that a promissory note and two mortgages securing payment of the note were void as to her. The note and mortgages had been executed by the plaintiff and her husband in favor of First National, in order to refinance pre-existing indebtedness.
In her complaint the plaintiff alleged that First National had fraudulently concealed the fact that the instruments executed by her were, in reality, real estate mortgages. At trial, the plaintiff also sought relief based on an alleged lack of consideration flowing to her for the execution of the mortgages. And, on appeal, Rankin asserts that she executed the mortgages as a result of the undue influence of her now deceased husband. Prior to a consideration *Page 505 
of these claims, we must address plaintiff's assertion that the trial court erred both in rejecting a request for a protective order and in admitting into evidence the transcript of a deposition upon oral examination of William B. West, the former employee of First National who allegedly concealed the nature of the instruments executed by the Rankins. Rankin sought the protective order because of her alleged financial inability to be represented by counsel at the taking of the deposition.
Rankin acknowledges that matters concerning the discovery conducted by the parties are within the sound discretion of the trial court. Ex Parte Allstate Ins. Co., 401 So.2d 749 (Ala. 1981). On appeal, then, we limit our review to a determination of whether the trial judge has abused his discretion. Plaintiff contends that the trial judge did abuse his discretion in this case.
Rankin's motion for a protective order and subsequent motion to suppress the deposition were based on her alleged financial inability to have counsel present in South Carolina, where the deposition was taken. Plaintiff requested that discovery should be had by less costly written interrogatories or by telephone conference. Counterbalanced against these considerations was First National's certain need for comprehensive testimony from its former employee regarding the loan transaction with the plaintiff, in which he represented the defendant. There can be no doubt that oral examination was the means best suited to accomplishing this purpose. See 8 Wright Miller, FederalPractice and Procedure: Civil § 2039 n. 66 (and accompanying text) (1970 Supp. 1982). The trial judge heard the arguments of counsel on plaintiff's motions and subsequently overruled them. We do not think that such action or the subsequent admission into evidence of the deposition constituted an abuse of the judge's discretion. As we recently said in Ex Parte OldMountain Properties, LTD., 415 So.2d 1048 (Ala. 1982):
 Each request for a protective order must be considered on its own facts and equities; the trial court is in a better position to consider and weigh those factors than an appellate court. This court will not reverse the trial judge's determination of such discovery issues . . . unless there is a clear showing that the trial judge abused his discretion in making his decision.
415 So.2d at 1050.
No such clear showing of abuse was presented by Rankin. Having considered a matter of threshold importance, we turn to a consideration of the plaintiff's initial claim that a former employee of the defendant fraudulently concealed material information from her at the time the note and mortgages in question were executed.
Our analysis begins with the recognition that fraud, when alleged in a complaint, "must be clearly and satisfactorily proved by the party seeking relief upon that basis." ShepardRealty v. Winn-Dixie Montgomery, 418 So.2d 871, 874 (Ala. 1982). Moreover, "in a fraud case, no presumption arises from the fact that a confidential relationship exists and the burden is on the plaintiff to plead and prove the fraud." Johnson v.Keener, 370 So.2d 265, 268-69 (Ala. 1979). Therefore, Rankin could not rely on a presumption of fraud based on a confidential relationship that existed between her husband and herself when they executed the instruments in dispute. Rankin was obliged to prove fraud with certainty in every material respect. Ingram v. Horn, 294 Ala. 353, 317 So.2d 485 (1975). After a thorough review of the record below, we are not persuaded that plaintiff satisfied her burden of proof.
Rankin also contends that no valid consideration was given to her in return for the execution of the mortgages in question. She insists that she was not obligated to First National at the time the mortgages were executed, and that pre-existing debts of her husband could not serve as valid consideration for her obligation under the mortgages. The trial court found to the contrary. Having carefully considered the record, we conclude that there was evidence presented on which the trial judge could *Page 506 
have based its findings. According to the deposition of William B. West, Rankin was obligated with her husband on a $6,000.00 note, payment of which was past due when the mortgages were executed. First National's forbearance from suing on the debt "may constitute a sufficient consideration for a mortgage."Russell v. Russell, 270 Ala. 662, 668, 120 So.2d 733, 738
(1960), citing 59 C.J.S. Mortgages § 92. Such forbearance would be additional consideration for the new mortgage, "[i]t [being] well settled by the authorities that a mortgage or pledge given as security for the pre-existing debt of the mortgagor or pledgor is valid and binding upon that consideration alone, and requires no new or additional consideration to support it."B.C. Bynum Mercantile Co. v. First National Bank of Anniston,187 Ala. 281, 283, 65 So. 815, 815 (1914). Cf. Kittle v. TheSand Mountain Bank, 437 So.2d 1000 (Ala. 1983) (stating that "where the mortgagor is a stranger to the debt, and there is no other consideration, [a mortgage] is void for want of consideration") citing B.C. Bynum Mercantile Co. v. FirstNational Bank of Anniston, Id.
We now address Rankin's allegation that her husband exercised undue influence over her at the time of the execution of the note and mortgages. We find that this theory was utilized by the plaintiff neither in her pleadings nor at trial. In addition, we are not satisfied that the record contains any evidence from which we could conclude that the plaintiff's husband had exercised undue influence over her. Therefore, we conclude that it would be unfair to the defendant if we allowed Rankin to rely on this theory of recovery for the first time on appeal. See Johnson v. Keener, 370 So.2d at 270.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.