STEAGALL, Justice.
This appeal arises from the trial court’s denial of a motion for new trial in an action to reform two deeds.
Henry Buxton, Jr., died testate and his will was admitted to probate in Clarke County. The beneficiaries were his daughters, Rose Mary Gill and Bessie Jane Stewart. Ida Buxton, his widow, elected to dissent from the will under § 43-8-70, Ala. Code 1975. Gill and Stewart conveyed their interest in their father’s estate to Willie Sheffield by deed.
The dispute between Buxton[1] and Sheffield arises out of the terms of a settlement agreement. Buxton contends that under the negotiated agreement, she was to receive $7800 and lot 8 on Spinks Drive, the lot on which her home, where she has lived since 1954, is located, and that Sheffield was to receive the remainder of Henry Buxton’s rental property. Sheffield, however, contends that he was to receive lots 6 and 8 on Spinks Drive and that Buxton was to receive $7800 and lot 7 on Spinks Drive.
Deeds were prepared in accordance with Sheffield’s perception of the negotiated settlement agreement; Buxton and Sheffield signed and executed those deeds. It was not until Sheffield attempted to sell the house on lot 8 that Buxton discovered that the deed she had received conveyed lot 7, not lot 8.
Buxton sued Sheffield on December 11, 1987, alleging mutual mistake, fraud, and misrepresentation. She sought equitable relief in the form of reformation of the deeds, to have the terms of the deeds coincide with what she alleged was the actual agreement between her and Sheffield. Sheffield’s motion to dismiss and his motion for summary judgment were denied and the case was tried ore terms. The trial court made findings of fact and reformed the deeds to comply with the terms of the settlement as Buxton had said she understood them. Sheffield then moved for a new trial. Upon denial of his motion, Sheffield appealed, arguing that it was error to reform the deeds.
When a party seeks the reformation of a deed, Code 1975, § 35-4-153, controls:
“When, through fraud, or a mutual mistake of the parties, or a mistake of *433 one party which the other at the time knew or suspected, a deed, mortgage or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value. (Code 1928, § 6825; Code 1940, T. 47, § 136.)”
This Court has stated:
“For an instrument to be reformed, there must have been a meeting of the minds, and a mutual mistake in executing it that does not express the common intent, or a mistake on the part of one, and conduct on the part of the other so that it would be inequitable to deny a mutual mistake.”
Morgan v. Roberts, 387 So.2d 170, 172 (Ala. 1980) (citation omitted).
In an action for reformation, “the plaintiff bears the burden of proof by clear and convincing evidence.” Miller v. Davis, 423 So.2d 1354, 1355 (Ala.1982).
Five witnesses testified at the ore tenus trial, including Buxton, Sheffield, and Wy-man Gilmore, Ida Buxton’s attorney during the negotiation and settlement of Henry Buxton’s estate. From that testimony, the trial court made the following findings:
“[I]t appears that prior to the settlement between the plaintiff and the defendant, of all the parties to the negotiations, the only party who actually had knowledge of the numbered lot on which the plaintiff’s home is located, was the defendant. It appears abundantly evident that the plaintiff’s primary intention was to secure the sole ownership of the lot on which her home is located, and in which she has lived since 1954.”
The trial court concluded:
“It seems clear that the deeds in question ... do not truly express the intention of the parties. It further appears, however, that the facts do not support a conclusion that there was any fraud in this case, nor does it appear that there was a mutual mistake of the parties in the execution of the deeds in question. Nevertheless, the facts do support the conclusion that there was a mistake of one party (the plaintiff) which the other (the defendant) knew or suspected.” (Emphasis original.)
The appropriate standard of review for a case tried ore tenus is:
“A strong presumption as to the correctness of the trial court’s findings of fact exists, and those findings are not to be disturbed unless they are found to be clearly erroneous and against the great weight of the evidence.”
Moore v. Lovelace, 413 So.2d 1100, 1103 (Ala.1982).
After careful review of the record, we find no reason to conclude that the findings and the judgment are clearly erroneous or against the great weight of the evidence. The judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.

. Hereinafter, all references to "Buxton" will refer to Ida Buxton only.