ROBERTSON, Judge.
This is a workmen’s compensation case.
It is uncontroverted that Gladney B. Reed, III, (employee) suffered an on-the-job injury in May 1988, to his right-dominant hand and forearm which arose out of and in the course of his employment with Han-kins Lumber Company, Inc. (employer). After ore tenus proceedings, the trial court determined that the injury caused permanent total disability with a total loss of ability to earn and awarded compensation accordingly. The employer’s motions to delay the judgment and for reconsideration were denied. The employer appeals.
The dispositive issue raised by the employer on appeal is whether the trial court abused its discretion in terminating the discovery period.
The employee attempted to return to work in September 1988, but was laid off because he could not perform his duties with only one hand. He filed this action in October 1988. In January 1989, trial was set for April 21,1989, but continued, on the motion of the employer, until June 19,1989. Discovery was terminated on April 20, 1989, by the same order which granted the employer’s motion for continuance. It was also ordered at that time that no additional experts would be employed. At all times preceding this action, and continuing, the employer has paid workman’s compensation benefits to the employee. In spite of this, the employer argues that it learned “for the first time” the type and extent of the employee’s injury in the deposition held on April 7, 1989.
The employer argues that the proceeding in the trial court was unfair because it was deprived of the right to defend itself as provided by the Alabama Constitution and the United States Constitution. Specifically, the employer contends that it was denied the right to investigate, prepare, and present evidence for consideration by the trial court in defense of its case because the discovery was terminated in April.
The trial court has broad discretion in ruling on matters concerning discovery. Rule 26, Alabama Rules of Civil Procedure. Our standard of review in matters involving discovery is limited to a determination of whether the trial court abused its discretion in making the decision. Rankin v. First National Bank of Alabama, 437 So.2d 503 (Ala.1983). An appellate court will not reverse the trial court’s decision regarding discovery unless there is a clear showing that the trial court abused its discretion. Ex parte McTier, 414 So.2d 460 (Ala.1982). Further, the trial court action limiting or restricting discovery will be liberally and broadly construed from all the circumstances of the case. Morgan v. Morgan, 402 So.2d 984 (Ala.Civ.App.), writ denied, 402 So.2d 990 (Ala.1981).
The record reveals that the employer indicated to the trial court as early as January 1989, that it would be ready to proceed to trial in April, and the trial court set an April trial date at that time. The continuance granted until June was on the motion of the employer due to a conflict. The continuance order terminated the discovery on the approximate date of the original trial setting.
The employer was served the original complaint on November 7, 1988, and filed its answer on December 12, 1988. Interrogatories filed by the employee to the employer on December 30, 1988, remain *1252 unanswered. The employer was notified in March of a deposition of one of the employee’s experts and attended such. Although the record contains information revealing that the employee vigorously pursued his case, the record is devoid of any indication that the employer did anything to defend itself, except file an answer, until requesting a continuance in April. Reviewing the circumstances of this case, we cannot find that the trial court abused its discretion in terminating the discovery.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.