This is an appeal from a judgment, entered after an ore tenus hearing, in which the trial court rescinded a land transaction on the ground that the evidence showed that the seller knew or should have suspected that the purchasers were acting under a misunderstanding as to the actual location of the property.
The facts are as follows:
In the summer of 1984, Robert Cameron, while on a visit in Autauga County, expressed to his father-in-law, Tony Davis, his desire to purchase land in Autauga County. Davis knew that Bessie Hollis owned some land in the area and that she had sold some of her land in the past. Mr. Cameron and Davis contacted Ms. Hollis about purchasing a tract of land from her, and Ms. Hollis admittedly agreed to sell a parcel to Mr. and Mrs. Cameron.
It is disputed which parcel of land Mr. Cameron was shown and who showed him the parcel. Ms. Hollis testified that she knew that Davis was familiar with her land and that she instructed Davis to show Mr. Cameron the parcel she was willing to sell. *Page 440 
Mr. Cameron testified that Ms. Hollis showed him the land herself.
In any event, Mr. Cameron notified Ms. Hollis that he and his wife wished to purchase the land he had seen. In August 1984, Ms. Hollis and the Camerons agreed on a sale price of $31,200.00. T.O. McDowell, an Autauga County lawyer, handled the closing. The closing documents were signed on December 21, 1984. McDowell testified that he specifically pointed out on a map the land that was the subject of the transaction and that no one raised any questions concerning what property was the subject of the transaction.
In 1985, a dispute arose between the Camerons and Ms. Hollis concerning the location of the property involved in their transaction. Mr. Cameron testified at trial that after he sought legal advice he had the land surveyed; he then learned, he said, that the property he had viewed in June 1984, which he said he believed he had purchased, was not the same as that described in the deed. The Camerons notified Ms. Hollis of these facts; nevertheless, they continued to make payments to Ms. Hollis until December 1985, when they advised Ms. Hollis that they would make no more payments toward the purchase price until the matter was resolved.
In January 1989, Ms. Hollis instituted foreclosure proceedings against the Camerons, and they responded by suing to enjoin the foreclosure. The case was presented ore tenus, and the trial court rescinded the transaction. The judgment had the effect of restoring the parties to the same position they occupied before the transaction. In effect, the trial court ordered the Camerons to return the property to Ms. Hollis and ordered Ms. Hollis to return to the Camerons their payments on the purchase price, which payments had totalled $13,600. The court stated in its judgment that the evidence was "clear and convincing that [Ms. Hollis] knew or should have known or suspected that [the Camerons] were operating under a false belief as to the location of the property . . . and that [Ms. Hollis] knew or suspected that the conveyance in question [did] not truly express the intentions of the parties."
This Court has continued to recognize a distinct standard of review for cases presented ore tenus. When the trial court hears ore tenus evidence and makes findings of fact based on that evidence, we presume that the trial court's judgment based on those findings is correct, and it will be reversed only if it is found to be plainly and palpably wrong, after a consideration of all the evidence and after making all the inferences that can be logically made from the evidence.Adams v. Boan, 559 So.2d 1084, 1086 (Ala. 1990); Pilalas v.Baldwin County Savings Loan Association, 549 So.2d 92, 95
(Ala. 1989); King v. Travelers Ins. Co., 513 So.2d 1023, 1026
(Ala. 1987). In other words, the trial court's judgment will be affirmed if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. Adams v.Boan, supra; Clark v. Albertville Nursing Home, Inc.,545 So.2d 9 (Ala. 1989); McCrary v. Butler, 540 So.2d 736, 739 (Ala. 1989).
In Moore v. Lovelace, 413 So.2d 1100, 1103 (Ala. 1982), this Court stated that in a case presented ore tenus, the trial court's findings of fact "are not to be disturbed unless they are clearly erroneous and against the great weight of the evidence."
The transaction between Ms. Hollis and the Camerons is controlled by Ala. Code 1975, § 35-4-153:
 "When through fraud, or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a deed, mortgage or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value. (Code 1928, § 6825; Code 1940, T. 47, § 136)."
Cancellation of a deed, as well as revision or reformation, is a permissible remedy under this statute. Miller v. Davis,423 So.2d 1354 (Ala. 1982); Garnett v. Taunton, 264 Ala. 293,87 So.2d 425 (1956).
This Court has stated: *Page 441 
 " 'For an instrument to be reformed, there must have been a meeting of the minds, and a mutual mistake in executing it that does not express the common intent, or a mistake on the part of one, and conduct on the part of the other so that it would be inequitable to deny a mutual mistake.' "
Sheffield v. Buxton, 547 So.2d 432, 433 (Ala. 1989), quotingMorgan v. Roberts, 387 So.2d 170, 172 (Ala. 1980).
Where, as here, reformation is sought solely on the ground of mistake, mutuality of the mistake is essential. Pinson v.Veach, 388 So.2d 964 (Ala. 1980).
Furthermore, this Court has recognized that one seeking reformation or cancellation bears the burden of showing by evidence that is clear, exact, convincing, and satisfactory that the instrument does not express the true agreement of the parties. Jim Walter Homes, Inc. v. Phifer, 432 So.2d 1241 (Ala. 1983); Pinson v. Veach, supra; Duckett v. Lipscomb, 287 Ala. 668, 255 So.2d 12 (1971); Garrett v. Kirksey, 279 Ala. 10,181 So.2d 80 (1965).
We acknowledge that the Camerons had the opportunity to question the instruments they reviewed and signed at the closing. The Camerons also had ample time during which to request a description of the property and to have a survey made. Nonetheless, after reviewing the facts and considering the inferences that can be drawn from those facts, we conclude that the evidence was adequate to support the trial court's finding that Ms. Hollis knew or should have known or suspected that the Camerons entered into the land transaction with a false belief as to the location of the property they were purchasing.
Applying the ore tenus rule, we find that the trial court's judgment is neither clearly erroneous nor against the great weight of the evidence. We, therefore, affirm.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.