SHORES, Justice.
This appeal is from a judgment holding that two deeds assigning Ray Davis an easement over certain real property located in Tallapoosa County, Alabama, were not ambiguous, and, thus, that he holds an easement for ingress and egress. We affirm.
On September 2, 1985, Ruth Harrelson conveyed a tract of land to Ray Davis by a deed containing an easement allowing Davis a right of ingress and egress over Harrelson’s remaining property. On November 4, 1985, Harrelson conveyed the tract of land subject to the easement to James G. Taitón and his wife. The easement was set forth in the deed from Har-relson to the Taltons.
In 1990, Ray Davis erected several rental houses on his property. In order for his tenants to reach their houses, they had to use the easement. Mr. Taitón erected a gate across the easement. On January 8, 1991, Davis filed a complaint against Tai-tón, seeking to have the gate removed. Taitón counterclaimed, seeking to have the deeds reformed to show that the easement was only for the benefit of Davis, his family, and his heirs.[1]
The case was heard on April 13, 1992, and the trial judge held that the deeds were not ambiguous and found that there had been no mistake of fact or scrivener’s error in the making of the deeds. He held that Davis and his tenants had the full right to the use of the easement and permanently enjoined the defendants from interfering with the easement. Taitón filed a motion for a new trial or, in the alternative, to vacate the final order; this motion was denied. He appeals.
We must consider whether the trial court erred in holding that there was no ambiguity in the deeds and no mutual mistake in the making of the deeds, and, therefore, in denying the requested reformation. We have carefully considered the record, and we affirm the judgment of the trial court on the authority of Pinson v. Veach, 388 So.2d 964 (Ala.1980); Morgan v. Roberts, 387 So.2d 170 (Ala.1980); Hollis v. Cameron, 572 So.2d 439 (Ala.1990), and the “ore tenus rule.” King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989); Jones v. Jones, 470 So.2d 1207 (Ala.1985); Clark v. Albertville Nursing Home, Inc., 545 So.2d 9 (Ala.1989).
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.

. Ruth Harrelson, Clinton Harrelson, Marie Harrelson, Shawn Harrelson, Wayne Banks, and Sandra Banks were allowed to intervene on behalf of Taitón.