This is an appeal from a declaratory judgment in which the trial court held that the Alabama Municipal Insurance Company has no duty to defend a civil action brought against A.A. Chandler on the grounds that he had fraudulently and illegally obtained public funds. We affirm.
On May 10, 1990, P.M. Johnston, the district attorney of Lamar County, Alabama, filed a civil suit against A.A. Chandler, individually and as mayor of the City of Vernon, Alabama. The complaint alleged that Chandler had illegally received $47,000 by fraudulently and unlawfully depleting the public funds of the City of Vernon; it sought a return of those funds to the city. The suit filed by the district attorney was the result of an eight-count indictment brought against Chandler by a Lamar County grand jury charging him with obtaining money by deceit, in violation of § 13A-8-3, Code of Alabama 1975, and the unlawful and felonious use of his official position to obtain direct, personal gain, in violation of § 36-25-5.
The Alabama Municipal Insurance Company, the insurance carrier for the City of Vernon, then filed this action, seeking to have the court declare that it had no duty to defend A.A. Chandler in the civil action brought against him. Alabama Municipal filed a motion for a judgment on the pleadings, *Page 1366 
contending that the plain language of the policy denied coverage for claims resulting from any dishonest or criminal act. The trial judge converted that motion to a motion for summary judgment and held a hearing on the motion on January 29, 1991. The trial court entered a summary judgment for Alabama Municipal. Chandler appeals.
We must determine whether the trial court erred in entering the summary judgment for the insurance company. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether the summary judgment was properly entered, the reviewing court must view the evidence in the light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989).
We have carefully reviewed the record in this case. We conclude that the judgment of the trial court is due to be affirmed. The language of the "Public Officials Errors and Omissions Liability" portion of the contract reads in pertinent part:
"I. Insuring Agreement
 "a. We will pay on behalf of the Insured all sums which the Insured shall be legally obligated to pay as Damages resulting from any Claim or Claims first made against Insured . . . for any Wrongful Act of the Insured or of any person for whose actions the Insured is legally responsible. No other obligations or liability to pay sums or perform acts or services is covered. . . ."
"II. Exclusions.
"Coverage under this section does not apply to:
 "a. Any dishonest, fraudulent, criminal or malicious act or omission of any Insured which results in Damages.
". . . .
 "c. Claims or Suits for Damages for loss of, criminal abstraction of, damage to or destruction of any tangible property or the loss of use of such property by reason of the foregoing.
 "d. Claims or Suits for Damages which result from a Wrongful Act committed intentionally with knowledge of wrongdoing.
 "e. Claims or Suits for Damages arising from an Insured's activities in a fiduciary capacity with respect to public property and funds.
". . . .
 "k. Claims or Suits for Damages arising out of the assumption of liability in a contract or based upon contractual penalties.
 "1. Claims or Suits for Damages arising out of the Insured's ownership, operation, control, direction or any other liability with respect to any . . . clinic.
". . . .
 "p. Claims or Suits against the Insured arising out of or in connection with nonmonetary relief, criminal prosecutions and proceedings, . . . actions for injunction or declaratory judgment, actions to enforce or invalidate . . . contracts.
". . . .
 "w. . . . to any Claim or counterclaim brought by one Insured under this policy against another Insured.
". . . .
 "y. . . . to any Claim for the return of any profit, advantage, gain or renumeration [sic] to which the Insured is not legally entitled." *Page 1367 
This Court stated the rule as to an insurance company's duty to defend in Burnham Shoes, Inc. v. West American Ins. Co.,504 So.2d 238 (Ala. 1987), quoting Ladner Co. v. SouthernGuaranty Ins. Co., 347 So.2d 100 (Ala. 1977):
 " 'It is well established that the insurer's duty to defend is more extensive than its duty to pay. If the allegations of the injured party's complaint show an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend regardless of the ultimate liability of the insured. Goldberg v. Lumber Mutual Casualty Ins. Co., 297 N.Y. 148, 77 N.E.2d 131 (1948). It is also generally the rule that the obligation of a liability insurer, under a policy requiring it to defend its insured in an action brought by a third party, is determined by the allegations of the complaint in such action. Bituminous Casualty Corporation v. Bartlett, [307] Minn. [72], 240 N.W.2d 310 (1976); Argonaut Southwest Insurance Co. v. Maupin, Tex., 500 S.W.2d 633 (1973); 50 A.L.R.2d 499.
 " 'This court, however, has rejected the argument that the insurer's obligation to defend must be determined solely from the facts alleged in the complaint in the action against the insured. In Pacific Indemnity Company v. Run-A-Ford Company, 276 Ala. 311, 161 So.2d 789 (1964), Justice Coleman, speaking for the court, held:
 " ' "We are of opinion that in deciding whether a complaint alleges such injury, the court is not limited to the bare allegations of the complaint in the action against insured but may also look to facts which may be proved by admissible evidence. . . ."
 " 'The court went on to state that when the allegations of the complaint show that the injury alleged is not within the coverage of the policy, other facts which did exist but were not alleged, could be taken into consideration. . . .' "
504 So.2d at 239-40, quoting 347 So.2d at 102-03.
The action filed against Chandler is a civil action filed by a named insured against another named insured, the mayor. The clear and unambiguous language of the policy provisions clearly excludes coverage to Mayor Chandler. He is being sued for the recovery of "gain" which was allegedly wrongfully taken. This claim is expressly excluded under the policy in unambiguous language. The trial court properly held that the insurance carrier had no obligation to defend the lawsuit against Chandler.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, STEAGALL and KENNEDY, JJ., concur.