On November 17, 1987, Nick Cheriogotis shot and killed Allbun Lamar Smith. Sylvia H. White, the administratrix of Smith's *Page 1295 
estate, brought a wrongful death action against Cheriogotis. Cheriogotis then filed a declaratory judgment action against his homeowner's insurance carrier, Maryland Casualty Company, asking the Circuit Court of Houston County to order Maryland Casualty to defend him and to pay any judgment that might be rendered against him in the wrongful death action. Cheriogotis policy contained an exclusion for bodily injury caused by the insured (Cheriogotis) that was "expected or intended" by the insured. White's motion to intervene in the declaratory action was granted. In a separate criminal action, Cheriogotis was convicted of manslaughter.
The trial court, sitting without a jury, found that Cheriogotis " 'expected or intended' the bodily injury [that was] sustained by the deceased as a result of [Cheriogotis's] shooting him." Further, the trial court held that Maryland Casualty had no obligation to defend Cheriogotis. White appealed.
On appeal White argues that the presumption accorded a judgment based on ore tenus evidence does not apply in this case because the trial court misapplied the law to the facts. She further argues alternatively that if the trial court did not misapply the law to the facts, there was insufficient evidence from which to find that Cheriogotis intended or expected the injury sustained by Smith.
White argues that the trial court misapplied the law to the facts of this case because the trial court used Cheriogotis's conviction for manslaughter as prima facie evidence of intent. However, the trial court's order in no way indicated that it used the conviction for such a purpose, and this Court will not assume that the trial court improperly used the evidence of the manslaughter conviction when the other evidence presented is sufficient to support the trial court's finding of intent to injure.
This Court, in Alabama Farm Bureau Mut. Cas. Ins. Co. v.Dyer, 454 So.2d 921 (Ala. 1984), held that the presumption in tort and criminal law that a person intends the natural and probable consequences of his intentional acts has no application to the term "expected or intended from the standpoint of the insured" used in the policy; the term "expected or intended injury" cannot be equated with "foreseeable injury"; and a purely subjective standard governs the determination of whether the insured expected or intended the injury. Id. at 925. Therefore, Cheriogotis's conviction for manslaughter, which requires a finding of objective intent, see
Ala. Code 1975, §§ 13A-6-3; 13A-2-2(3), cannot be used as evidence that Cheriogotis subjectively intended to injure Smith.
In State Auto Mut. Ins. Co. v. McIntyre, 652 F. Supp. 1177
(N.D.Ala. 1987), the district court for the northern district of Alabama held that a declaratory judgment action that was brought to determine whether an insurance policy required the insurer to defend McIntyre in a civil lawsuit was not barred by collateral estoppel because of a criminal conviction of sexual abuse, because the issue in the criminal action was different from the issue in the declaratory judgment action. The district court held:
 "[U]nder the pronouncements of the Supreme Court of Alabama in Smith v. North River Ins. Co., 360 So.2d [313, 315 (Ala. 1978)], and Dyer, 454 So.2d at 925, the Court concludes that the precise issue or issues in the present litigation are different from the issues in the criminal case and in the underlying tort action and are to be determined by the application of different standards.
 "Counsel for State Auto Mutual does argue . . . that the jury's award of punitive damages to [the victim] in the underlying tort action in effect 'indicates' that the jury felt that the insured . . . intended the acts of sexual abuse . . . and either knew or should have known that the injury to the minor child would result from his acts. However, the question of this insured's intent in the personal injury action is not the same as the question of 'expected or intended' injury in the present homeowner's insurance policy exclusion. North River Ins. Co., at 315. Furthermore, the policy term 'expected or intended injury' cannot be equated with 'foreseeable injury,' Dyer at 925, *Page 1296 
because the presumption in tort and criminal law that a person intends the natural and probable consequences of his intentional acts has no application to the interpretation of the terms used in the 'expected or intended from the standpoint of the insured' policy exclusion. Id."
McIntyre, 652 F. Supp. at 1220-21. Therefore, we hold that Cheriogotis's conviction for manslaughter is not determinative of the issue of whether he subjectively intended or expected to injure Smith, because the conviction for manslaughter did not require such a finding. However, because the trial court's order does not specify whether it considered the conviction in finding subjective intent, we must assume that it considered the conviction for the limited purpose for which it was admissible. See, Pickron v. State ex rel. Johnston,443 So.2d 905, 908 (Ala. 1983).
White argues that without the evidence of the conviction there is insufficient evidence to support the trial court's finding that Cheriogotis intended or expected to injure Smith. We disagree.
Whether an injury that the insured inflicts upon another person is "expected or intended" is a question of fact for the judge or the jury. Dyer, 454 So.2d at 924; Boyd v. GreatCentral Ins. Co., 401 So.2d 19 (Ala. 1981); Smith v. North RiverIns. Co., 360 So.2d 313 (Ala. 1978). Whether Cheriogotis intended or expected to injure Smith was a disputed fact, and the trial court heard the testimony of several witnesses. "Under the ore tenus rule, when the trial court hears disputed evidence without a jury, its findings of fact will not be disturbed unless clearly erroneous, palpably wrong, or manifestly unjust. Leslie v. Pine Crest Homes, Inc.,388 So.2d 178 (Ala. 1980)." Dyer, 454 So.2d at 923.
 "When the trial court hears ore tenus evidence and makes findings of fact based on that evidence, we presume that the trial court's judgment based on those findings is correct, and it will be reversed only if it is found to be plainly and palpably wrong, after a consideration of all the evidence and after making all the inferences that can be logically made from the evidence. Adams v. Boan, 559 So.2d 1084, 1086 (Ala. 1990); Pilalas v. Baldwin County Savings Loan Association, 549 So.2d 92, 95
(Ala. 1989); King v. Travelers Ins. Co., 513 So.2d 1023, 1026 (Ala. 1987). In other words, the trial court's judgment will be affirmed if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. Adams v. Boan, supra; Clark v. Albertville Nursing Home, Inc., 545 So.2d 9 (Ala. 1989); McCrary v. Butler, 540 So.2d 736, 739 (Ala. 1989)."
Hollis v. Cameron, 572 So.2d 439, 440 (Ala. 1990).
This Court in Dyer, supra, stated that "an injury is 'intended from the standpoint of the insured' if the insured possessed the specific intent to cause bodily injury to another, whereas an injury is 'expected from the standpoint of the insured' if the insured subjectively possessed a high degree of certainty that bodily injury to another would result from his or her act." Dyer, 454 So.2d at 925.
In Watson v. Alabama Farm Bureau Mut. Cas. Ins. Co.,465 So.2d 394 (Ala. 1985), this Court, applying the ore tenus rule to a similar fact situation, held that the evidence supported the trial court's finding that the insured had expected or intended the injury, even though the insured had testified that he did not mean to shoot the victim. In that case, Watson brought a declaratory judgment action against Alabama Farm Bureau, seeking to have Alabama Farm Bureau defend him in a pending assault and battery case arising from a shooting incident. This Court upheld the trial court's finding of subjective intent to injure and stated:
 "Although the testimony indicated no prior animosity between the parties, and although Watson testified that he did not mean to shoot [the victim], nevertheless the trial judge, after hearing all the evidence could have reasonably concluded that when Watson pulled the gun, he either expected or intended that the gun would discharge and injure [the victim]."
Watson, 465 So.2d at 396. The language in the policy in Watson
is identical to the language in the policy in this case. *Page 1297 
On the issue of subjective intent, this Court has held that intent can be inferred from the surrounding circumstances. The circumstances of the present case present a question of fact as to whether Cheriogotis intended or expected that Smith would be injured when he shot his gun at Smith. The following facts tend to support the trial court's finding that Cheriogotis shot Smith with the intention or expectation of injuring Smith, despite Cheriogotis's testimony to the contrary: There was a history of animosity between the two men; Cheriogotis had threatened Smith; on the day of the incident, Cheriogotis, in his truck, followed Smith for 12 to 14 miles immediately prior to the shooting; and Smith was shot in the back while running away from Cheriogotis.
Under the ore tenus rule, the trial court's finding of intent to injure or expectation of injury will be affirmed if there isany evidence in the record to support it. Based upon the facts recited above, we hold that there is sufficient evidence to support the trial court's finding that Cheriogotis intended or expected to injure Smith. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.