Earthia Jackson appeals from a summary judgment entered in favor of State Farm Fire and Casualty Company in a declaratory judgment action filed by State Farm in order to determine its duty to defend and indemnify its policyholders James F. Lambert, Sr., and James F. Lambert, Jr., in an action filed against them by Earthia Jackson, individually and as administratrix of the estate of Lorenzo Alonzo Goldsmith. Goldsmith was shot and killed by James Lambert, Jr. The Lamberts' car had been stolen, apparently by Goldsmith, and when it was reported seen in the area of their home, the Lamberts got into another vehicle and went looking for it. Both Lamberts were armed, but each *Page 233 
claimed that he was inexperienced with guns. Their car was spotted and ultimately the Lamberts and a companion followed it into a parking lot. The Lamberts claim that their sole intention in carrying the weapons was to force the individuals from the car and hold them there while their companion notified the police. Lambert, Jr., exited the car after yelling "Dad, he's got a gun," and, as he exited, he fired at Goldsmith. He claims that he has no recollection of the incident, but he claims that if he did fire a shot, he did not intend to hurt anyone. In addition, the deposition testimony of Lambert, Sr., indicated that when the shot was fired, the gun was pointed in the direction of the car, Lambert Jr.'s head was turned, and Lambert, Jr., seemed to be "in a trance." R.T. at 172. Both Lamberts were acquitted of charges of assault in the first degree, and James, Jr., was acquitted of murder.
State Farm Fire and Casualty refused to defend or to indemnify the Lamberts in an action filed by the administratrix of Goldsmith's estate for the wrongful death of her son. State Farm based its decision on this policy provision in the insurance contract:
"1. Coverage L and Coverage M do not apply to:
"a. bodily injury or property damage:
 "(1) which is either expected or intended by an insured."
(Emphasis added.) State Farm argues that the shot fired by Lambert, Jr., was fired in self defense and, therefore, was not an "accident" as defined in the policy. In Alabama Farm BureauMutual Casualty Ins. Co. v. Dyer, 454 So.2d 921 (Ala. 1984), we stated:
 "Under this subjective test, an injury is 'intended from the standpoint of the insured' if the insured possessed the specific intent to cause bodily injury to another, whereas an injury is 'expected from the standpoint of the insured' if the insured subjectively possessed a high degree of certainty that bodily injury to another would result from his or her act. See Continental Western Ins. Co. v. Toal, 309 Minn. 169, 244 N.W.2d 121, 125 (1976), for a thorough discussion of the proper standard used to interpret this policy exclusion."
454 So.2d at 925. In White v. Maryland Casualty Co.,589 So.2d 1294 (Ala. 1991), this Court, analyzing Dyer, stated:
 "This Court, in Alabama Farm Bureau Mut. Cas. Ins. Co. v. Dyer, 454 So.2d 921 (Ala. 1984), held that the presumption in tort and criminal law that a person intends the natural and probable consequences of his intentional acts has no application to the term 'expected or intended from the standpoint of the insured' used in the policy; the term 'expected or intended injury' cannot be equated with 'foreseeable injury'; and a purely subjective standard governs the determination of whether the insured expected or intended the injury. Id. at 925. Therefore, [the defendant's] conviction for manslaughter, which requires a finding of objective intent, see Ala. Code 1975, §§ 13A-6-3; 13A-2-2(3), cannot be used as evidence that [the defendant] subjectively intended to injure [the decedent]."
589 So.2d at 1295. If a conviction, standing alone, does not conclusively establish the elements of subjective intent to injure another, how can someone's acquittal be considered conclusive on the question of that person's intent? The facts of this case create a genuine issue of disputed fact as to whether Lambert, Jr., subjectively intended to shoot Goldsmith.
This is an appeal from a summary judgment. State Farm relies heavily on Allstate Ins. Co. v. Portis, 472 So.2d 997 (Ala. 1985); that case was not an appeal from a summary judgment, but an appeal from a judgment based on a jury verdict in favor of the insurance company. Because the standard is a subjective one, the summary judgment is reversed and and the cause is remanded. Alabama Farm Bureau Mutual Casualty Ins. Co. v. Dyer,454 So.2d 921 (Ala. 1984).
REVERSED AND REMANDED.
SHORES, KENNEDY, INGRAM, and BUTTS, JJ., concur.
HOUSTON, J., dissents. *Page 234