**SPHERE DRAKE INSURANCE, P.L.C., a corporation, Plaintiff,**

v.

**SHONEY'S, INC., etc., et al., Defendants.**

**Civil Action No. 95–T–786–E.**

United States District Court, M.D. Alabama, Eastern Division.

April 18, 1996.

---

Walter R. Byars, William M. Bowen, Jr., Steiner, Crum & Baker, Montgomery, AL, for Sphere Drake Insurance, P.L.C., a corporation, plaintiff.

Jay Daniel St. Clair, T. Matthew Miller, Bradley, Arant, Rose & White, Birmingham, AL, for Shoney's Inc., a corporation, defendant.

Carl Michael Benson, Auburn, AL, for Shoney's of Lanett, a partnership or joint venture composed of Bobby Garrison and Bob Crowell, defendant, Bobby Garrison.

Jack J. Hall, Jr., Christy C. Osborne, McDaniel, Hall, Conerly & Lusk, P.C., Birmingham, AL, Carl Michael Benson, Auburn, AL, for County of Auburn.

Margaret Y. Brown, Auburn, AL, Jack J. Hall, Jr., Christy C. Osborne, McDaniel, Hall, Conerly & Lusk, P.C., Birmingham, AL, for Bob Crowell, defendant.

Billie Anne Tucker, LaFayette, AL, for Jeffrey Dawson, Derrick Todd, Ralph Hensley, defendants.

Richard S. Jaffe, Stephen Andrew Strickland, Jaffe, Burton & DiGiorgio, Birmingham, AL, for Rebecca Holt, Chandra Barnes, Connie Benefield, Daniel Keith Hornsby, Kathy Hornsby, Michelle Ledford, Lurleen Smith, Suzanne Turner, defendants.

Byron R. Perkins, Gordon, Silberman, Wiggins & Childs, for Tunitha Thomas, defendant.

### ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiff Sphere Drake Insurance, P.L.C., brought this lawsuit under the Declaratory Judgment Act, 28 U.S.C.A. § 2201, seeking a declaration from this court that it has no

duty to defend and indemnify various defendants in three other pending lawsuits. All of these other lawsuits relate to claims by employees of sexual discrimination and harassment by other employees, supervisors, and managers of a Shoney's restaurant. Sphere Drake has properly invoked the jurisdiction of the court based on diversity of citizenship, 28 U.S.C.A. § 1332. The court now has before it cross motions for summary judgment. For the reasons that follow, summary judgment will be granted in part and denied in part for each party.

## I. SUMMARY JUDGMENT STANDARD

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Once the party seeking summary judgment has informed the court of the basis for its motion, the burden shifts to the non-moving party to demonstrate why summary judgment would be inappropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115–17 (11th Cir.1993) (discussing how the responsibilities on the movant and the nonmovant vary depending on whether the legal issues, as to which the facts in question pertain, are ones on which the movant or nonmovant bears the burden of proof at trial). In making its determination, the court must view all evidence and any factual inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The parties have agreed that there are no contested issues of fact, allowing for final disposition of this lawsuit on the cross motions for summary judgment now before the court.

## II. BACKGROUND

The following facts are undisputed. First, this case involves two insurance policies:

*First policy:* From May 1, 1993, through May 1, 1994, Sphere Drake issued an insurance policy to Bobby Garrison doing business as Captain D's of Auburn, Captain D's of Shawmut, and Shoney's of Lanett.

*Second policy:* From May 1, 1994, through May 1, 1995, Sphere Drake issued another insurance policy, identical in all relevant respects to the first policy, to Garrison and Bob Crowell doing business as Captain D's of Auburn, Captain D's of Valley, and Shoney's of Lanett.

As stated, this case also involves three underlying lawsuits:

*Smith* case: The first suit, brought by Lurleen Smith, Suzanne Turner, Rebecca Holt, and Chandra Barnes against Crowell, Jeffery Dawson, Ralph Hensley, Derrick Todd, and CD of Auburn in the United States District Court for the Middle District of Alabama, alleges sexual harassment, negligent and wanton supervision and retention, assault and battery, invasion of privacy, and outrage.[1]

*Thomas* case: The second lawsuit, brought by Tunitha Thomas against Shoney's, Inc., CD of Auburn, Crowell, and Todd, in the United States District Court for the Middle District of Alabama, alleges sexual harassment, denial of promotion for refusing sexual advances, retaliation for filing a sex discrimination claim, assault and battery, intentional infliction of emotional distress, invasion of privacy, and negligent retention.[2]

*Hornsby* case: The third lawsuit, brought by Kathy Hornsby, Connie Benefield, and Michelle Ledford against CD of Auburn, Crowell, Todd, Dawson, and Hensley in the Circuit Court of Chambers County, Alabama, alleges negligent and

---

1. *Smith, et al. v. CD of Auburn, et al.*, No. 94–T–873–E. The court has taken the plaintiffs' claims from the amended complaint filed on September 1, 1994. Shoney's, Inc. was initially named as a defendant in this lawsuit, but, in an order entered March 9, 1995, Shoney's, Inc. was dismissed.

2. *Thomas v. Shoney's, Inc., et al.*, No. 95–T–026–E. The court has taken Thomas's claims from her second amended complaint, filed on July 3, 1995.

wanton supervision and retention, assault and battery, invasion of privacy, and outrage.[3]

The basis for all three complaints is that male employees, supervisors, and managers at a Shoney's restaurant subjected female employees to unwelcome, lewd, and sexually-explicit language, unwelcome touching, made sexual advances, and discriminated against the female employees for refusing to engage in sex with them. Sphere Drake was properly notified of all three lawsuits, and the defendants in the underlying lawsuits requested that it defend them. The insurance company has agreed to provide a defense under a reservation of rights. Sphere Drake filed this lawsuit seeking a declaration that it is not required to defend the following defendants in the underlying lawsuits: Shoney's of Lanett, CD of Auburn, Garrison, Crowell, Dawson, Hensley, and Todd. It claims, for a variety of reasons, that the alleged conduct is not covered by the insurance policies. These defendants respond that, under the insurance policies, Sphere Drake is required to provide a defense to all of the defendants named in the underlying lawsuits. All of these defendants except Hensley and Todd have filed motions for summary judgment. The plaintiffs in the underlying lawsuits have filed their own motion for summary judgment, contending that Sphere Drake is required to defend all of the underlying defendants, including Hensley and Todd. Therefore, although Hensley and Todd have not filed motions for summary judgment in this case, the court has considered Sphere Drake's obligation, if any, to defend them in the underlying cases.

### III. DISCUSSION

#### A. Basic law

 "An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the

action against the insured." *Ajdarodini v. State Auto Mut. Ins. Co.*, 628 So.2d 312, 313 (Ala.1993); *Ladner & Co., Inc. v. Southern Guar. Ins. Co.*, 347 So.2d 100, 102 (Ala.1977). "If the allegations of the injured party's complaint show an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend regardless of the ultimate liability of the insured." *Chandler v. Alabama Mun. Ins. Co.*, 585 So.2d 1365, 1367 (Ala.1991) (internal citations omitted).[4] Where the allegations of the complaint show that no injury alleged is within the coverage of the policy, however, or where the allegations are ambiguous, "the court is not limited to the bare allegations of the complaint ... but may also look to facts which may be proved by admissible evidence." *Chandler*, 585 So.2d at 1367 (internal citations omitted); *see also Perkins v. Hartford Ins. Group*, 932 F.2d 1392 (11th Cir.1991). Because the allegations in the underlying complaints are not ambiguous, the court has limited its consideration to the complaints and has not considered extrinsic evidence.

 Under Alabama law, the insured bears the burden of establishing coverage by demonstrating that a claim falls within the policy, *Colonial Life & Accident Ins. Co. v. Collins*, 280 Ala. 373, 194 So.2d 532, 535 (1967), while the insurer bears the burden of proving the applicability of any policy exclusion. *Universal Underwriters Ins. Co. v. Stokes Chevrolet*, 990 F.2d 598, 605 (11th Cir.1993), *citing United States Fidelity & Guar. Co. v. Armstrong*, 479 So.2d 1164, 1168 (Ala.1985). If an insurance policy is ambiguous in its terms, the policy must be construed liberally in favor of the insured, and exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage to the insured. *Altiere v. Blue Cross & Blue Shield*, 551 So.2d 290, 292 (Ala.1989). However, if there is no ambiguity, insurance contracts must be enforced as

---

3. *Hornsby, et al. v. Hensley, et al.*, No. 94–212. Claims of alienation of affections and tortious interference with a marital contract have been dismissed.

4. Because the decision whether to provide a defense must be made at a preliminary stage in the

proceedings, an insurer's duty to defend can be broader than its duty to indemnify. *Burnham Shoes, Inc. v. West Am. Ins. Co.*, 504 So.2d 238, 241 (Ala.1987); *see also Universal Underwriters Ins. Co. v. Stokes Chevrolet, Inc.*, 990 F.2d 598, 605 (11th Cir.1993).

written, and courts should not defeat express provisions in a policy, including exclusions from coverage, by making a new contract for the parties. *Id.*

### B. The duty to defend

Sphere Drake claims that, based on various definitions and exclusions in the policies, it is not required to provide a defense to any of the defendants in the underlying lawsuits. The court will first analyze Sphere Drake's general denials of coverage. Then, the court will analyze each claim alleged in the underlying lawsuit, and determine whether Sphere Drake is obligated to defend the alleged wrongdoers against that claim.

### 1. General denials of coverage

■ Sphere Drake first claims that it is not required to provide a defense to any underlying claim alleging bodily injury to an employee of the insured. Under the terms of the each policy, Sphere Drake is required to indemnify the insured in any lawsuit for damages that the insured becomes legally obligated to pay because of "bodily injury" caused by "an occurrence, and arising out of the ownership, maintenance or use of the insured premises," and will defend any suit seeking such damages. However, each policy contains an "amendatory endorsement," which provides that "[t]his insurance does not apply to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured for which the insured may be held liable as an employer or in any other capacity." In this case, all of the plaintiffs in the underlying cases were employees of insured at the time they allegedly suffered their injuries. However, based on the allegations in the complaints, the court cannot determine whether any of the alleged wrongdoing occurred outside of the work environment. Therefore, the court cannot, at this time, determine whether the alleged injuries were suffered within the scope of the victims' employment. *See, e.g., Meadowbrook, Inc. v. Tower Ins. Co., Inc.,* 543 N.W.2d 418, 425 (Minn.App.1996) (injuries caused by harassment at company picnic and telephone calls to victim's house, both by employer, occurred outside scope of victim's employment). Summary judgment should be entered finding that Sphere Drake is obligated to defend against any claims otherwise covered by the policies.

■ Sphere Drake further claims that it is not required to provide a defense to Dawson, Hensley, and Todd because they are not named as insureds in either policy, and that it is not required to defend Crowell because he was not named as an insured in the first, May 1993 policy. In a section of each policy entitled "broad form comprehensive general liability endorsement," employees of the named insureds are covered, but admittedly only to the extent that they were acting within the scope of their employment when they committed the alleged wrongdoing. Thus, Sphere Drake claims, it is not required to defend them because they were not acting within the scope of their employment when they committed the alleged wrongdoing. The court rejects this contention because the determination of whether they were acting within the scope of their employment goes to the ultimate issue of liability which will be resolved in the underlying lawsuits. Summary judgment should be entered finding that Sphere Drake is obligated to defend Dawson, Hensley, and Todd against any claims otherwise covered by the policies.

■ Sphere Drake claims that it is not required to defend CD of Auburn in any of the underlying lawsuits because it is not a named insured and is not otherwise insured under the policies. As stated above, two insurance policies are at issue in this lawsuit. The first, May 1993 policy lists as insured Garrison doing business as Captain D's of Auburn, Captain D's of Shawmut, and Shoney's of Lanett. The second, May 1994 policy lists as insured Garrison and Crowell doing business as Captain D's of Auburn, Captain D's of Valley, and Shoney's of Lanett. Under the policies, the following conditions define who is insured:

"(a) if the named insured is designated in the Declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor and the spouse of the named insured with respect to the conduct of such business;

"(b) if the named insured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

"(c) if the named insured is designated in the Declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such...."

The complaints in the underlying lawsuits strongly suggest that CD of Auburn is an entity that consists of either Garrison or Crowell or both, and thus that Garrison and Crowell are essentially the same as CD of Auburn. As such, CD of Auburn could be covered by the policies·under definitions (a) and (b). Whether CD of Auburn stands for Captain D's of Auburn, is a separate entity or does not exist is an issue that will be critical to determining the liability, if any, of the various defendants in the underlying lawsuits. It would be premature for the court to resolve that issue in this action. Summary judgment should be entered finding that Sphere Drake is obligated to defend CD of Auburn against any claims otherwise covered by the policies.

■■■ Sphere Drake further claims that it is not required to defend Crowell against any claim which occurred prior to the effective date of the second, May 1994 policy because he was not a named insured under the first, May 1993 policy. Because the underlying complaints do not specify the time during which the wrongdoing is alleged to have taken place, the court cannot, at this time, determine whether Crowell's alleged wrongdoing occurred during the relevant time period. Moreover, as stated, Crowell would be covered under the first, May 1993 policy to the extent that he acted within the scope of his employment for Garrison, who is a named insured. Summary judgment should be entered finding that Sphere Drake is obligated to defend Crowell against any claims otherwise covered by the policies.

### 2. Specific claims

#### a. Assault and battery

■■■ All three of the underlying lawsuits contain claims of assault and battery. Sphere Drake claims that, because both insurance policies exclude coverage for claims of assault and battery, it is not obligated to defend against such claims. Under the heading "special conditions," both policies provide as follows: "Notwithstanding anything contained to the contrary, it is understood and agreed that this policy excludes claims arising out of ... Assault and Battery, whether caused by or at the instructions of, or at the direction of or negligence of the insured, his employees, patrons or any causes whatsoever...." Because both policies clearly and unequivocally exclude from coverage any claims of assault and battery, summary judgment should be entered finding that Sphere Drake has no duty to defend any of the defendants in the underlying lawsuits against any such claims.[5]

#### b. Invasion of privacy

■■■ All three of the underlying lawsuits contain claims of invasion of privacy. In *Smith*, the plaintiffs allege that Crowell, Dawson, Hensley, and Todd invaded their privacy when they committed verbal and physical sexual harassment. In *Hornsby*, the plaintiffs allege that Crowell, Dawson, Hensley, Garrison, and Todd invaded their privacy when they committed verbal and physical sexual harassment. In *Thomas*, the plaintiff alleges that Todd invaded her privacy by making statements to her and others which placed her in a false light and by invading her physical privacy, and that Crowell and CD of Auburn ratified Todd's behavior. In a section of each policy entitled "broad form comprehensive general liability," coverage is provided for injuries arising out of an "utterance ... in violation of an individual's right of privacy." Coverage is not provided for physical invasion of privacy.

■■■ In *Phillips v. Smalley Maintenance Serv.*, 435 So.2d 705, 709 (Ala.1983), the Alabama Supreme Court adopted the

---

**5.** These claims are found at count III of *Smith*, count III of *Thomas*, and count II of *Hornsby*.

definition of invasion of privacy found in the Restatement (Second) of Torts, § 652A, which provides as follows: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." The wrongdoer's conduct must be "such that would cause mental suffering, shame, or humiliation to a person of ordinary sensibilities." *Logan v. Sears, Roebuck & Co.*, 466 So.2d 121, 124 (Ala.1985). It not necessary that information about the victim's private concerns be communicated to a third party. *Phillips*, 435 So.2d at 709. Further, it is not necessary that the wrongdoer invade the victim's physical privacy. *Id.* at 711. Under Alabama law, an invasion of privacy could consist of "intrusive demands and threats, including an inquiry as to the nature of sex between" the plaintiff and her sexual partners, *id.*, if the inquiries were made sufficiently frequently. *Id.*

The allegations in all of the underlying complaints come within this definition of an invasion of privacy. The plaintiffs all allege that the wrongdoers invaded their privacy by committing verbal sexual harassment. The plaintiff in *Thomas* alleges that the verbal sexual harassment was directed toward her. It is unclear from *Smith* and *Hornsby* whether the verbal sexual harassment was directed solely toward the plaintiffs or was also communicated to others. Thus, the court cannot determine whether the alleged wrongdoing was directed at the victims. Therefore, summary judgment should be entered finding that Sphere Drake has a duty to defend the defendants in the underlying lawsuits against claims of invasion of privacy.[6]

#### c. *Intentional torts*

Under the terms of the insurance policies, Sphere Drake is required to defend against claims arising out of an "occurrence." Sphere Drake claims that because several of the claims in the underlying lawsuits do not constitute "occurrences," it is not required to provide a defense to any of them. The defendants in the underlying lawsuits contend that the alleged harassment constitutes an "occurrence" under the policies. The policies provide that Sphere Drake will indemnify the insured in any lawsuit for damages that the insured becomes legally obligated to pay because of "bodily injury" caused by "an occurrence, and arising out of the ownership, maintenance or use of the insured premises," and will defend any suit seeking such damages. The policies define "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

 Under Alabama law, an injury is *intended* from the standpoint of the insured "if the insured possessed the specific intent to cause bodily injury to another." *Alabama Farm Bureau Mut. Cas. Ins. v. Dyer*, 454 So.2d 921, 925 (Ala.1984). An injury is *expected* from the standpoint of the insured "if the insured subjectively possessed a high degree of certainty that bodily injury would result from his or her act." *Id.; see also Continental Western Ins. Co. v. Toal*, 309 Minn. 169, 244 N.W.2d 121, 125 (1976) (relied upon by the *Dyer* court and providing fuller discussion).[7] Under this standard, a finding that the alleged wrongdoer objectively intended his actions "is not determinative of the issue of whether he subjectively intended or expected to injure" the victim. *White v. Maryland Cas. Co.*, 589 So.2d 1294, 1296 (Ala.1991). Objective intent relates to whether the wrongdoer intended to do what he did. On the other hand, "subjective" intent requires the court to determine whether the wrongdoer, when he committed the alleged wrong, intended to cause the victim's

---

**6.** These claims are found at count IV of *Smith*, count V of *Thomas*, and count III of *Hornsby*.

**7.** Since it decided *Dyer*, the Alabama Supreme Court has made "one narrow exception" to the subjective intent rule for "cases of sexual abuse of children." *State Farm Fire and Cas. Co. v.*

*Davis*, 612 So.2d 458, 464 (Ala.1993). In a case involving sexual abuse of children, intent to cause injury is inferred. *Id.* Because this case does not involve sexual abuse of children, the inferred-intent rule does not apply.

injuries. For example, in *White* the defendant was first convicted of manslaughter, *id.* at 1295, which, according to the court, required a finding that the defendant acted with "objective intent." *Id.* He was later sued for wrongful death. His insurance company contended that the defendant's conviction for an "intentional" crime compelled the conclusion that he had intended to cause the decedent's death. Although it upheld summary judgment for the insurance company, the Alabama Supreme Court held that the defendant's conviction for manslaughter did not answer the question of whether he had the subjective intent to cause the decedent's death. The court found that the subjective intent to cause death was a separate inquiry from the intent to commit the act. Similarly, in this case, that the torts alleged in the underlying complaints are intentional torts—requiring the plaintiffs to prove that the defendants intended to do what they did—does not answer the question of whether the defendants subjectively intended to cause the plaintiffs' injuries. Sphere Drake would be obligated to defend the defendants in the underlying cases only if the complaints allege that the defendants intended to cause the plaintiffs' injuries.

### i. Intentional infliction of emotional distress and outrage

The allegations in *Thomas* are that Todd intentionally inflicted emotional distress, and that Crowell ratified Todd's behavior. *Smith* and *Hornsby* both contain claims of outrage. Under Alabama law, these are the same cause of action. *Stewart v. Matthews Industries, Inc.*, 644 So.2d 915, 918 (Ala.1994). It is possible to prevail on a claim of outrage without proving that the alleged wrongdoer intended the victim's injuries. *Jackson v. Alabama Power Co.*, 630 So.2d 439, 440 (Ala.1993). "The elements of the tort of outrage are (1) that the defendant either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from its conduct; (2) that the defendant's conduct was extreme

and outrageous; and (3) that the defendant's conduct caused emotional distress so severe that no reasonable person could be expected to endure it." *Id.*

Because the plaintiff in *Thomas* specifically alleges that Todd intended to cause her emotional distress, summary judgment will be entered finding that Sphere Drake is not obligated to defend Todd against this claim.[8] However, Sphere Drake is obligated to defend Crowell because the plaintiff alleges that he ratified Todd's behavior, not that he committed an intentional tort himself. To prevail on this claim, the plaintiff need not show that Crowell intended the bodily injury she allegedly suffered. Therefore, summary judgment should be entered finding that Sphere Drake is obligated to defend Crowell on this claim.[9] *See Capital Alliance Ins. v. Thorough–Clean*, 639 So.2d 1349, 1350 (Ala.1994) (employer company and manager did not expect or intend injuries suffered by victim raped by employee).

The plaintiffs in neither *Smith* nor *Hornsby* allege that the wrongdoers intentionally caused the victims' injuries. To be sure, the complaints allege that the wrongdoers acted intentionally. However, the complaints do not allege that they intended to cause the injuries the victims suffered. Further, because the plaintiffs in the underlying cases could prevail by showing that the defendants knew that emotional distress was likely to result from their conduct, the claims will not require them to prove that the defendants intended to cause their injuries. Accordingly, summary judgment should be entered finding that Sphere Drake is obligated to defend these claims.[10]

### ii. Title VII

Two of the underlying lawsuits contain allegations that the defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 1981a, 2000e through 2000e–17. *Smith* contains claims of both hostile environment sexual harassment and quid pro quo sexual harassment, alleging

---

**8.** This claim is found at count IV of *Thomas.*

**9.** *Id.*

**10.** These claims are found at count VI of *Smith* and count IV of *Hornsby.*

that Crowell, Dawson, Hensley, and Todd committed the overt acts constituting discrimination, and that CD of Auburn is liable for failing to act. The plaintiff in *Thomas* alleges that Todd committed quid pro quo sexual harassment and that he created a sexually hostile work environment and that CD of Auburn and Crowell are liable because Todd acted as their agent. Thus, the plaintiffs in *Smith* seek to hold Crowell, Dawson, Hensley, and Todd liable for their own actions, and CD of Auburn liable for the actions of others. The plaintiff in *Thomas* seeks to hold Todd liable for his own actions and CD of Auburn and Crowell liable for Todd's actions.[11]

Both the hostile environment claim and the quid pro quo claim are disparate treatment claims, which require that the plaintiff prove that the alleged wrongdoer acted intentionally. *Mitchell v. Jefferson County Board of Educ.*, 936 F.2d 539, 546 (11th Cir.1991); *Henson v. City of Dundee*, 682 F.2d 897, 903–04 (11th Cir.1982) (hostile environment claim is disparate treatment claim, requiring proof of intent); *Sparks v. Pilot Freight Carriers, Inc.*, 830 F.2d 1554, 1564 (11th Cir.1987) (quid pro quo sexual harassment claim is disparate treatment claim). Under Alabama law, because disparate treatment Title VII claims require that the plaintiff prove that the defendant intended to discriminate against her, such claims do not constitute occurrences, as that term is defined in the insurance policies in this case. *Jackson County Hosp. v. Alabama Hosp. Trust*, 619 So.2d 1369, 1372 (Ala.1993).[12] Accordingly, summary judgment should be entered finding that Sphere Drake is not obligated to provide a defense to those alleged to have committed the overt acts: Crowell, Dawson, Hensley, and Todd in *Smith* and Todd in *Thomas*.[13] However, the court must engage in a separate analysis for those whom

the plaintiffs in the underlying cases seek to hold liable for the acts of others.

In a Title VII hostile environment case, an employer can be either directly or indirectly liable for the actions of its employee. To hold the employer directly liable, the victim must show that the wrongdoer acted as the employer's agent in creating the hostile environment by committing the harassment while acting within the scope of his employment, *Faragher v. City of Boca Raton*, 76 F.3d 1155, 1163 (11th Cir.1996), or that the wrongdoer committed the harassment by using an "instrumentality of the agency or through conduct associated with the agency status." *Id.* at 1166 n.14. To hold the employer indirectly liable for the employee's actions, the victim must show that the employer had reason to know of the alleged harassment and took no effective action to stop the harassment once it learned of it, *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1316 (11th Cir.1989); or, that it took no action and that its grievance procedures were ineffective and not reasonably calculated to encourage employees to come forward with complaints. *Sparks v. Pilot Freight Carriers, Inc.*, 830 F.2d 1554, 1560 (11th Cir.1987). Thus, to prevail on this claim, the plaintiffs in the underlying cases need not show that CD of Auburn in *Smith* and CD of Auburn and Crowell in *Thomas*, acted intentionally. They merely need to prove the existence of the agency relationship or some other ground for liability, as described above. Therefore summary judgment should be entered finding that Sphere Drake is obligated to defend CD of Auburn in *Smith* and CD of Auburn and Crowell in *Thomas*.[14] *See Thorough–Clean*, 639 So.2d at 1350 (employer company and manager did not expect or intend injuries suffered by victim raped by employee).

---

11. The court has assumed that persons may be liable under Title VII in both their individual and official capacities. *But see Smith v. Capitol City Club of Montgomery*, 850 F.Supp. 976 (M.D.Ala. 1994).

12. The court recognizes that it could be reasonably argued that the intent required by Title VII is objective rather than subjective, that is, that to violate the statute the wrongdoer need only have

intended to discriminate, not necessarily to injure the victim. In *Jackson County Hosp.*, however, the Alabama Supreme Court did not make this distinction.

13. These claims are found at count I of *Smith* and count I of *Thomas*.

14. *Id.*

■ The plaintiff in *Thomas* also alleges that Crowell retaliated against her after she filed a claim with the Equal Employment Opportunity Commission, in violation of Title VII. Because retaliation is a disparate treatment claim under Title VII for which the plaintiff in the underlying case seeks to hold Crowell directly liable, summary judgment should be entered finding that Sphere Drake is not obligated to provide a defense to the retaliation claim.[15] *Cf. Jackson County Hosp.*, 619 So.2d at 1372 (under Alabama law, disparate treatment Title VII claims do not constitute occurrences under definition of that term in the insurance policies).

### d. Negligent and wanton supervision and retention

■ All three of the underlying lawsuits contain claims of negligent supervision. In *Smith*, the plaintiffs allege that CD of Auburn committed negligent and wanton supervision and retention. In *Hornsby*, the plaintiffs allege that CD of Auburn, Garrison, and Crowell committed negligent and wanton supervision and retention. In *Thomas*, the plaintiff alleges that Crowell committed negligent retention. The "special conditions" section of both policies provides as follows: "Notwithstanding anything contained to the contrary, it is understood and agreed that this policy excludes claims arising out of ... Allegations that the insured's negligent acts, errors or omissions in connection with the hiring, retention, supervision or control of employees, agents or representatives caused, contributed to, related to or accounted for the assault and battery."

*Thomas*'s negligent retention claim, while "related to" the assault and battery claim, is also related to all of the other claims in the lawsuit. Thus, the exclusion does not apply. Therefore, summary judgment should be entered finding that Sphere Drake is required to provide a defense to the negligent retention in *Thomas*.[16] The plaintiffs in *Smith* and *Hornsby* allege negligent and wanton supervision and retention, which also goes to

all the claims in the lawsuits. Further, the plaintiffs in both cases could prevail by showing that the defendants behaved wantonly. For these reasons, summary judgment should be entered finding that Sphere Drake is required to provide a defense to the claims of negligent and wanton supervision and retention found in *Smith* and *Hornsby*.[17]

### IV. OTHER MATTERS

■ Sphere Drake also claims that it is not obligated to defend Shoney's, Inc. in *Thomas*. Because Shoney's, Inc. has only recently filed a cross motion for summary judgment, Sphere Drake's obligation to Shoney's, Inc., if any, will be addressed later and separately. Finally, Sphere Drake claims that it is not obligated to indemnify any of the defendants. Because the duty to indemnify will arise only after the underlying cases are resolved, this contention is premature. *Ladner*, 347 So.2d at 102.

Accordingly, it is ORDERED that the motions for summary judgment filed by plaintiff Sphere Drake Insurance, P.L.C. on November 14, 1995; by defendants Michelle Ledford, Connie Benefield, Kathy Hornsby, Chandra Barnes, Suzanne Turner, Rebecca Holt, and Lurleen Smith on March 7, 1996; by defendant Tunitha Thomas on March 11, 1996; by defendants CD of Auburn, Shoney's of Lanett, and Bobby Garrison on March 11, 1996; by defendant Bob Crowell on March 11, 1996; and by defendant Jeffrey Dawson on April 4, 1996, are granted and denied as follows:

(1) It is DECLARED that plaintiff Sphere Drake Insurance, P.L.C. is not required to defend the following defendants on the following claims:

(a) *Smith, et al. v. CD of Auburn, et al.*, No. 94–T–873–E: count I, alleging violations of Title VII, defendants Crowell, Dawson, Ralph Hensley, and Derrick Todd; count III, alleging assault and battery, all defendants.

---

**15.** This claim is found at count II of *Thomas*.

**16.** This claim is found at count VI of *Thomas*.

**17.** These claims are found at count II of *Smith* and count I of *Hornsby*.

(b) *Thomas v. Shoney's, Inc., et al.*, No. 95–T–026–E: count I, alleging a violation of Title VII, defendant Todd; count II, alleging a violation of Title VII, defendant Crowell; count III, alleging assault and battery, all defendants; count IV, alleging intentional infliction of emotional distress, defendant Todd.

(c) *Hornsby, et al. v. Hensley, et al.*, No. 94–212: count II, alleging assault and battery, all defendants.

(2) It is DECLARED that plaintiff Sphere Drake Insurance, P.L.C. is required to defend the following defendants on the following claims:

(a) *Smith, et al. v. CD of Auburn, et al.*, No. 94–T–873–E: count I, alleging violations of Title VII, defendant CD of Auburn; count II, alleging negligent or wanton supervision or retention, defendant CD of Auburn; count IV, alleging invasion of privacy, all defendants; count VI, alleging outrage, all defendants.[18]

(b) *Thomas v. Shoney's, Inc., et al.*, No. 95–T–026–E: count I, alleging violations of Title VII, defendants CD of Auburn and Crowell; count IV, alleging intentional infliction of emotional distress, defendant Crowell; count V, alleging invasion of privacy, all defendants; count VI, alleging negligent retention, all defendants.

(c) *Hornsby, et al. v. Hensley, et al.*, No. 94–212: count I, alleging negligent or wanton supervision or retention, defendants CD of Auburn, Garrison, and Crowell; count III, alleging invasion of privacy, all defendants; count IV, alleging outrage, defendant Crowell.

(3) The issue of whether plaintiff Sphere Drake Insurance, P.L.C. is obligated to defend Shoney's, Inc. in *Thomas* is reserved.

(4) Plaintiff Sphere Drake Insurance, P.L.C.'s claim that it is not obligated to indemnify any of the defendants is dismissed as premature.

---

18. The complaint in *Smith* contains counts I, II, III, IV, and VI. There is no count V.