**CNA INTERNATIONAL REINSURANCE CO., Plaintiff,**

v.

**CPB ENTERPRISES, INC., d/b/a World Gym, Defendant.**

No. CIV.A. 96–1026–CB–M.

United States District Court,
S.D. Alabama,
Southern Division.

Nov. 6, 1997.

David C. Hannan, Mobile, AL, Wayne D. Taylor, Lawrence B. Domenico, Mozley, Finlayson & Loggins, Atlanta, GA, for Plaintiff.

Horace Moon, Jr., William A. Donaldson, Mobile, AL, for Defendant.

## ORDER

BUTLER, Chief Judge.

This matter comes before the Court on cross motions for summary judgment (Tab 25 & Tab 27). The Court, after careful consideration of the parties' motions and written submissions, finds that the plaintiff's motion for summary judgment is **GRANTED** and defendant's motion for summary judgment is **DENIED**.

### Findings of Fact

On or about May 30, 1996, Kimberly Mellert (Mellert) filed suit in the Circuit Court of Baldwin County, Alabama, Case No. CV–96–479, against CPB Enterprises, d/b/a World Gym ("World Gym") and Brad Rhoades alleging damages resulting from sexual abuse. In the state court proceeding, ("underlying action"), Mellert alleges that while she and Brad Rhoades (Rhoades) were employed by World Gym, Rhoades committed an assault and battery on her, and invaded her privacy, when he intentionally and unlawfully touched her in a rude, offensive and abusive manner, and when he made continuous, unwanted sexually oriented remarks toward her. (Counts One and Two of Complaint). In addition, Mellert alleges that World Gym was negligent, wanton[1] and vicariously liable for Rhoades' conduct and the damages that she suffered. (Count 3, 4, 5 Complaint).[2] Mellert contends, that as a result of Rhoades and World Gym's conduct she is entitled to compensatory and punitive damages.[3]

World Gym, a defendant in the underlying action, is insured by CNA Reinsurance Company (CNA). After receiving notice of the underlying action World Gym requested a defense and indemnity for claims arising from the underlying action. Although CNA is currently defending World Gym, under a reservation of rights, it claims that it does not have a duty to defend or indemnify World Gym due to the exclusions and limited coverage afforded in the insurance policy. Thus, the present dispute centers around whether the insurance policy provides coverage for Mellert's claims, in the underlying action, and whether CNA has a duty to defend or indemnify World Gym.

### Summary Judgment Framework

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987). A party is entitled to a judgment as a matter of law unless the nonmovant demonstrates that a genuine dispute exists as to an element of his case on which he has the burden of proof. *Celotex,* 477 U.S. at 322,

---

1. Mellert avers that World Gym's conduct was wanton due to the fact that they knew that Rhoades had a history of sexual abuse with females and failed to take corrective action.

2. Mellert's five causes of action against World Gym and Rhoades are: (1) assault and battery, (2) invasion of privacy, (3) negligence, (4) wan- tonness and (5) sexual harassment/vicarious liability.

3. In total, Mellert avers that she has sustained, and will sustain in the future, damages in the form of lost wages, emotional stress and pain, suffering and anguish, humiliation, damaged reputation and inconvenience.

106 S.Ct. at 2552; *Everett,* 833 F.2d at 1510. Pursuant to Local Rule 8, a failure by the opposing party to point out disputed facts will be taken as an admission that no material factual dispute exists. All factual matters are to be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

■ Summary judgment is improper if "the dispute about a material fact is 'genuine', that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 96 L.Ed.2d 202 (1986). If a reasonable fact finder could draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment. *Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988).

### Legal Analysis

■ On or about May 1, 1995, CNA issued World Gym an insurance policy described as policy No. J62507–0022 (the Policy). The insurance policy contains numerous forms, which describe the coverage offered, including the: *Commercial General Liability Coverage, Commercial Professional Liability Coverage, Sexual and/or Physical Abuse Exclusion and the Sexual and/or Physical Abuse Coverage forms.* In case *sub judice,* the Court reviews the above-named forms as one, comprehensive, insurance policy. (*Hall v. American Indemnity Group,* 648 So.2d 556, 559 (Ala.1994)("When reviewing the insurance policy, the Court must read the entire policy as a whole, and whenever possible, all provisions are to be given their intended effect.")).

■ Under Alabama law, "an insurance company's duty to defend its insured is determined by the language of the insurance policy and by allegations contained in the underlying complaint." *Ajdarodini v. State Auto Mutual Ins. Co.,* 628 So.2d 312, 313(Ala.1993). An insurance contact must be enforced as written if there is no ambiguity,

and the Court should not defeat the express policy provisions, including exclusions from coverage, making a new contract for the parties. *Altiere v. Blue Cross & Blue Shield,* 551 So.2d 290, 292 (Ala.1989). Moreover, "if the allegations of the injured parties' complaint show that an accident or occurrence comes within the coverage of the policy, the insured is obligated to defend regardless of the ultimate liability of the insured." *Sphere Drake Ins. P.L.C. v. Shoney's, Inc.,* 923 F.Supp. 1481 (M.D.Ala.1996). In evaluating coverage under an insurance contract, the Court in *State Farm Mutual Auto. Ins. Co. v. Lewis,* 514 So.2d 863 (Ala.1987), held that "exceptions to insurance coverage are to be interpreted as narrowly as possible in order to provide the maximum coverage for the insured, and such clauses must be construed most strongly against the company that issued the policy." Furthermore, in *United States Fidelity & Guaranty Co. v. Jacksonville State Univ.,* 357 So.2d 952, 955 (Ala. 1978), the Court held that "contract provisions must be construed together so that a harmonious operation can be given to each provision."

■ CNA contends that the Sexual and/or Physical Abuse Exclusion Form ("the Exclusion"), an endorsement to the policy[4], precludes coverage for Mellert's claims because it denies coverage for all claims of sexual abuse under the Commercial General Liability Coverage Form and the Professional Liability Coverage Forms.

The Exclusion provides in pertinent part: This policy does not apply to any injury sustained by any person arising out of or resulting from Sexual and/or Physical abuse by:
1. Any insured:
2. Any of your employees: or
3. Any person performing volunteer services for you on your behalf; or
4. Any other person.

The Exclusion specifically states that CNA "... shall not have any duty to defend any suit against you (World Gym) seeking damages on account of such injury." The plain

---

4. The policy in question contains three endorsements. An endorsement is a change to the policy

that becomes part of the policy and is integral in the determination of the policy's coverage.

language of the Exclusion further clarifies its purpose:

> The intent of this endorsement is to *exclude* all injury sustained by any person, including emotional distress, arising out of Sexual and/or Physical abuse including but not limited to Sexual Abuse caused by *negligent employment,* investigation, supervision, or reporting to the proper authorities, or failure to report, or *retention* of a person for whom any insured is or ever was legally responsible.

Under the Exclusion, sexual and/or physical abuse is defined as "sexual or physical injury or abuse, including but not limited to assault and battery, negligent or deliberate touching, corporal punishment and mental abuse." An employee is defined as "any person, other than a person insured, in your employment ..."

The Court agrees with CNA's contentions. The language in the Exclusion is clear and unambiguous, and even under the most narrow interpretation, Mellert's claims are not covered under the Exclusion because all of her claims are based upon sexual abuse, both physical and verbal, by Rhoades, another World Gym employee. First, Mellert's claims fit squarely within the broad definition of sexual and/or physical abuse.[5] Second, and more importantly, however, the Exclusion specifically denies coverage for the injuries sustained by one employee arising out of sexual and/or physical abuse by another employee. Therefore, because Mellert claims she was sexually and/or physically abused by another employee, the Exclusion precludes coverage for her claims, and CNA does not have a duty to defend or indemnify World Gym.

Although the language in the Exclusion is clear and unambiguous,[6] World Gym contends that Mellert's claims are covered under the Sexual and/or Physical Abuse Coverage Form which provides in pertinent part:

> I. Coverages—Sexual and/or Physical Abuse Liability
>
> We will pay on your behalf all sums which you shall become legally obligated to pay as damages because of injury to any person arising out of SEXUAL AND/OR PHYSICAL ABUSE caused by one of your EMPLOYEES, or arising out of your failure to properly supervise
> ...
> We shall have the right and duty to defend any suit against you seeking such DAMAGES, even if any of the allegations of the suit are groundless ...

■ The sexual and/or physical abuse coverage form narrowly defines sexual and/or physical abuse as "sexual or physical injury or abuse, including assault and battery, negligent or deliberate touching." In addition, this section covers and defines damages as "all damages, including damages for death, which are payable because of injury to which this insurance applies." Under this definition of sexual abuse, the coverage does not extend to comments, gestures, or other non touching acts. Thus, the plain language of the Sexual and/or Physical Abuse Form precludes coverage for the non-physical offenses committed by Rhoades and the only claim that *may be* covered under the above form is Mellert's claim for assault and battery. CNA, however, correctly contends that coverage for Mellert's claim is precluded under the business liability exclusion, of the Sexual and/or Physical Abuse Form, which provides that:

> (d) this form does not apply to bodily injury to, sickness, disease or death of any of your EMPLOYEES arising out of, and *in the course of his employment* by you ...

CNA's position is that Mellert's claim of assault and battery should be characterized as

---

**5.** The Exclusion defines sexual and/or physical abuse as "sexual or physical injury or abuse, including but not limited to assault and battery, negligent or deliberate touching, corporal punishment and mental abuse."

**6.** The narrow definition of sexual abuse and the coverage preclusion under the sexual and/or physical abuse liability form are clear and unambiguous and were made known to World Gym

during the purchase of this policy. In his deposition, Randy Schumacher, vice president of Jewell–Jorgensen Insurance Associates, and World Gym's agent, states that during the procurement of the insurance policy from CNA, he informed World Gym of the limited coverage afforded by the sexual and/or physical abuse coverage form, and the availability of broader coverages for an additional premium. Even with this knowledge, World Gym declined to purchase broader coverage. (Depo. Schumacher p. 15–20, 25).

a "bodily injury," and as such, coverage is precluded because the alleged conduct occurred in the course of Mellert's employment at World Gym. World Gym, however, argues that coverage is not precluded under the business liability exception and contends that Mellert's claim for assault and battery should be characterized as a "personal injury" (which is covered under the policy). A personal injury, under the policy, is defined as "[o]ral or written publication of material that violates a person's right of privacy." Accordingly, a personal injury can only result from an oral or written publication, it cannot arise from a physical touching. The Court is not convinced by World Gym's contentions. Mellert's claim of assault and battery does not fit within the definition of a personal injury.[7] Thus, for the reasons stated herein, the Court **ORDERS** that World Gym's motion for summary judgement is due to be and is hereby **DENIED** and CNA's motion for summary judgment is due to be and is hereby **GRANTED**.[8]

It is so **ORDERED**.

---

7. Accordingly, Mellert's claims are characterized as bodily injury and coverage is precluded under the Sexual and/or Physical Abuse Form, as the Court accepts the analysis set forth by CNA.

8. Both parties have addressed the issue of whether or not the policy provides coverage for punitive damages. The Court need not address this issue, as it has found that CNA does not have a duty to defend World Gym for Mellert's substantive claims in the underlying action.